R. S. PULLEN *et al. v.* BOARD OF COMMISSIONERS OF THE CITY OF RALEIGH.

A city or town can levy a tax upon such subjects only as are specified in its charter; therefore the city of Raleigh cannot levy a tax upon the money or credits of its citizens, as they are not mentioned in its charter as the subjects of taxation.

*It seems* that the word "property" is used by the Constitution in a sense to make it exclude "money, credits, investments in bonds," &c. Art. 5, sec. 3.

This was a controversy without action submitted to his Honor *Judge Watts*, Judge of the 6th Judicial District, at Fall Term, 1872, of WAKE Superior Court, under the 315th section of the C. C. P.

The following is a statement of the controversy and the decision of the Judge upon it:

Certain resident citizens of the city of Raleigh, who are tax-payers, being advised that they are not subject to be taxed on account of debts and securities for money held by them, and lately demanded of them, for the year 1872, having proposed to the Board of Commissioners of said city to make up and refer the matter in difference, and the proposition having been acceded to by the said authorities, the said citizens, to-wit: R. S. Pullen, D. M. Barringer, B. F. Moore, on behalf of themselves and other citizens of the said city, from whom such tax has been demanded, of the one part, and the city of Raleigh and M. Grausman, tax collector of the said city of Raleigh, of the other part, submit for the decision of the Court whether they are bound to pay the tax aforesaid.

The matters of difference arise in this wise : The estate and property of said citizens required by the city authorities to be listed for taxation for city purposes as of the 1st day of April, 1872, did not include solvent credits or securities.

After this, to-wit: on the 4th day of June, 1872, it was

ordered by the Board of Commissioners of the city that their clerk obtain copies of the lists of personal property as given in to the State and county tax listers, and such lists be adopted by the Board for city taxation of the year 1872. In pursuance of this order, the clerk did obtain copies of the State and county tax lists, as given in by the said R. S. Pullen, D. M. Barringer, B. F. Moore and other persons aforesaid, which said list included their solvent debts and securities for money, upon the value of which said solvent debts and securities so given in for State and county taxation, the like tax as had been laid by the city on the value of the real estate of the said R. S. Pullen, D. M. Barringer, B. F. Moore and others, situate in the city, to-wit: one dollar and twenty cents on each hundred dollars value was ordered to be collected by the said city collector; and he has accordingly demanded such tax from the said R. S. Pullen and others.

On the one hand it is insisted by the Board of Commissioners of the city that they had the rightful power to levy such tax upon the solvent credits and securities aforesaid, and that such levy has been duly and lawfully made.

On the other hand it is denied by the said R. S. Pullen and the other named persons that their solvent credits and securities are subject to be assessed for taxation by the city, and further, that if the same be so subject such tax has not been levied in a due and lawful manner. The charter of the city is made a part of the case.

(Signed)                    MOORE & GATLING and
                            WM. H. BATTLE & SON
                            For R. S. Pullen and others.
                                J. C. L. HARRIS,
                                    City Attorney.

Upon the foregoing case the Court gave judgment as follows:

NORTH CAROLINA, ⎱ Superior Court,
Wake County. ⎰ Fall Term, 1872.
R. S. Pullen and others, plaintiffs,

*v.*

The Board of Com'rs of the city of Raleigh, defendants.

This case having been submitted by the parties upon the facts agreed without action, and having heard the arguments for the plaintiffs and defendants, I decide as follows:

The city of Raleigh being a municipal corporation organized and acting under a charter granted by the State, (which charter is made a part of the case agreed) claims the right under section 9, article 7, of the State Constitution and its charter above referred to, to levy a tax upon all solvent credits and securities held by persons residing in said city. The plaintiffs contend that the city authorities have no such power, but can only tax *property* in the more limited sense, excluding from the meaning of the word "property" the choses in action and securities spoken of above.

The case is this: the plaintiffs are citizens of and residents within, the corporate limits of the city of Raleigh, over whom and their property the authorities of said city have legal power and authority under the Constitution and laws of the State. These parties own certain solvent credits and securities, upon which the city authorities have assessed a tax for city purposes. The amount and kind of this property and tax assessed are not stated. The question is therefore presented, have the authorities of the city a right to levy a tax for city purposes upon the solvent credits and securities owned by the plaintiffs and others in like condition. Sec. 9, Art. 7 of the Constitution, provides that "all taxes levied by any county, city or township shall be uniform and *ad valorem* upon all property in the same except property exempt by the Constitution." It is contended for the defendants that this is a constitutional provision for the taxation

of all property by the city authorities, and providing further the way in which this tax shall be levied.

For the plaintiffs it is contended the word "property" here used must be taken in its restricted sense, and was not intended to embrace choses in action and securities of the kind mentioned or intended herein.

My opinion is that this section was intended to declare simply the manner in which municipal corporations should levy taxes, to-wit : that they should be "uniform and *ad valorem*," and not to declare the subjects to be taxed by them. This was to be done by other parts of the Constitution when the general subject of taxation was treated of and provided for, and by general laws passed under the Constitution by the Legislature on this subject. And by sec. 4, Art. 8, a general power is given to the Legislature to provide for the organization of cities, towns, &c., and to restrict their powers of taxation, &c. This seems to give a general control to the Legislature on the subject of municipal corporations, and the Legislature may, under it, restrict the power of taxation by these corporations as it may think proper, due regard being had to other parts of the Constitution. My opinion, therefore, is that the right of the defendants to levy this tax does not depend on, and is not controlled by the said 9th section of Art. 7 of the Constitution, but must depend on the charter granted by the Legislature to this corporation, or the general law of the State in relation to towns, &c. Upon examination of the charter and this general law, I am of opinion that no such power as that now claimed by the defendant is granted by either.

My opinion, therefore, is that the plaintiffs have judgment that the defendants have no right to tax solvent credits and securities, and that such tax is illegal.

S. W. WATTS, J. S. C.

From this judgment the defendants appealed to the Supreme Court.

*Moore & Gatling* and *Battle & Son*, for the plaintiffs.

The question in this case depends upon the construction of sec. 9 Art. 7 of the Constitution, taken in connection with the other parts of that instrument. This section empowers cities and towns to tax " property," but says such tax shall be uniform and *ad valorem*. Art. 5, on Revenue and Taxation, recognizes four subjects of taxation, to-wit: 1. polls; 2. property; 3. moneys, credits, &c., and 4. trades, professions, franchises, &c. The State can levy taxes on all these subjects, as is shown by the 1st and 3d sections of the said 5th Article. The 3d section shows that the 2d, 3d and 4th subjects are viewed as distinct from each other by being taxed differently. Moneys, credits, &c., are to be taxed by a uniform rule, while all real and personal property is to be taxed according to its true value. The taxes levied by the County Commissioners are to be levied in like manner with the State taxes. Art. 5, sec. 7. All taxes by cities or towns must be upon " property " and must be uniform and *ad valorem*. Art. 7, sec. 9. Property must be taken here as it is in the 3d section of Art. 5, as entirely distinct from moneys and credits. Besides, the mode of taxation, to-wit: *ad valorem*, cannot be properly applied to moneys and credits, and no attempt to do so has ever been made by the general or State governments. Hence, we conclude that the said 9th section of the 7th Article does not authorize the Commissioners of a city or town to tax moneys, credits, &c.

The 4th section of Art. 8 of the Constitution authorizes the Legislature to restrict the power of taxation in cities and towns; and when a charter is granted its power of taxation is restricted to all subjects mentioned in it, and the city or town cannot tax any other. Cooley on Con. Lim. 518–520. The charter of the City of Raleigh empowers the Commissioners to tax various subjects of taxation, but moneys, credits, investments, &c., are not of the number. We con-

clude that the judgment of the Court below ought to be affirmed.

*Argo & Harris,* for the defendants.

PEARSON, C. J. The power of the city authorities to tax debts and securities for money held by the citizens, depends upon the charter.

That instrument enumerates, *nominatim,* the subjects of taxation, eight in number, beginning with real estate, situate in the city, and ending with encroachments on the streets, by porches, &c., but no one of these eight specifications uses any word which, by the utmost stress of construction, can be made to embrace " debts and securities for money."

The word " property," about which so much was said on the argument, is not used in that enumeration of the subjects of taxation. In regard to that word, by the bye, we see that the Constitution does not make it include " money, credits, investments in bonds," &c.

" Real and personal property " is used in a sense to exclude such " credits and investments." Art. 5, sec. 3.

We concur with his Honor, for the reasons given by him.

PER CURIAM.                    Judgment affirmed.