CITY OF CHARLOTTE v. W. R. BROWN.

(Filed 29 April, 1914.)

1. Municipal Corporation—Cities and Towns—Taxation—Street Improvements—Excessive Levy—Statutes—Equity—Injunction.

Where a municipality levies a special tax for street improvements upon the land of an abutting owner in excess of that allowed by a statute applicable, the excess is a nullity and may be enjoined; and where the limitation prescribed is a certain per cent of the taxable value of the property, that valuation must control, whether the property lies upon one or several streets.

2. Municipal Corporations—Cities and Towns—Street Improvements—Excessive Levy—Statutes—Court's Jurisdiction.

It is not required of the abutting owner of lands upon a street of a city to comply with the prescribed procedure of objecting, etc., to an excessive special levy upon his property for street improvements, when the excess is void under the statute, for such assessment is jurisdictional and can be taken advantage of by the owner, in respect to such excess, at any time it is sought to be enforced in the courts.

APPEAL by plaintiff from *Harding, J.,* at Spring Term, 1914, of MECKLENBURG.

Controversy without action. From a judgment for the defendant, the plaintiff appealed.

*Brenizer, Black & Taylor for plaintiff.*
*Maxwell & Keerans for defendant.*

BROWN, J. This is a controversy without action to determine the validity of a local assessment.

The .city of Charlotte, by virtue of its charter of 1911, section 7 (9-12), made a special assessment against the lot of the defendant, amounting to $697, located on the corner of East Boulevard and Cleveland Avenue, in the city of Charlotte, fronting 50 feet on East Boulevard, and running back 150 feet along Cleveland Avenue. The lot was included in two improvement districts. The frontage on East Boulevard was assessed at $268, and the depth fronting on Cleveland Avenue was assessed for $429, making the total sum assessed against said lot $697.

Section 7 of the amended charter provides as follows: *"Provided further,* that no assessment against any piece of property improved as in this act provided shall in any case exceed the amount of special benefit to, or enhancement in value of, 20 per cent of the assessed taxable value thereof."

The assessed taxable value of said lot was then, and is now, $1,600. Thus it appears that the plaintiff assessed the defendant's lot at more than 43 per cent of its taxable value, or $697 instead of $320, which is 20 per cent of such value.

.We do not understand the plaintiff to claim any legal right to exceed the limit provided in the charter in making assessments of this character, but it is contended that the charter provides the procedure whereby the property owner's rights are preserved, and that it was the duty of the defendant to avail himself of such method, and to appeal from the assessment, and that, failing to do so, he is now precluded from asserting his rights.

We admit that the learned counsel for the plaintiff has some authority for his position, but we agree with the judge below,

and we are of opinion that the 20 per cent clause in the charter is a limitation upon the power of the plaintiff, and that the attempted levy in excess thereof is a nullity.

Ordinarily, the defendant should have made in due season any objections he had to the methods of procedure in assessing his property, but that rule applies where the assessing board acts within the jurisdiction and not in violation of it.

The doctrine is tersely and correctly stated in 28 Cyc., page 1668: "Levies in excess of a right or amount permitted by law are illegal and void, although if the taxes are separable, the excess only is invalid"; and at page 958 the same authority says: "The provisions of such charters or statutes must be complied with, or it will result that an order to make the improvement or an assessment to pay for the same is void." To the same effect is 27 A. and E. Enc., 612.

Judge Dillon in his great work on Municipal Corporations, sec. 1377, declares: "It is a principle universally declared and admitted, that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred." Our own Court has often enforced this well known principle.

In *Winston v. Taylor,* 99 N. C., 213, the Court says: "It is also clear that the authorities of the town can impose no taxes except as authorized by its charter."

"The commissioners of an incorporated town have no right to impose any taxes but such as are expressly authorized by act of incorporation." *Asheville v. Means,* 29 N. C., 406.

To the same effect are *Pullen v. Commissioners,* 68 N. C., 451; *S. v. Bean,* 91 N. C., 554; *Board v. County,* 107 N. C., 110; *S. v. Webbes,* 109 N. C., 962; *Barbee Asphalt Co. v. Watts,* 26 So., 70; Cooley Taxation, p. 419; *Bennett v. City of Emmetsburg,* 115 N. W., 583.

The fact that the lot is a corner lot, and in two improvement districts, is immaterial. It is the taxable value of the entire lot that is to be considered in fixing the limit beyond which the assessment may not go. The excess of 20 per cent

of the assessment being void, under the charter of the plaintiff, the defendant may enjoin the collection of the excess.

A void assessment is jurisdictional, and can be taken advantage of at any time when the assessment is sought to be enforced. The clause in section 8 as to appeals refers to matters of which the board had jurisdiction, such as passing upon the petition, laying out improvement districts, benefits accruing up to 20 per cent assessed valuation, etc., but not upon the 20 per cent limitation assessment. The charter fixed this, and the board had no jurisdiction to enlarge it.

In *Spence v. Milwaukee,* 113 N. W., 38, it is held that "One failing to avail himself of the right given by Milwaukee City charter to appear before the board of public works to correct defects in an assessment for benefits and damages, and of the right given by section 11 to appeal to the Circuit Court from a confirmation of the assessment, may sue in equity to set aside the assessment, notwithstanding section 12, providing that the right of appeal to the Circuit Court shall be the only remedy for the recovery of any damages, etc., and no action at law shall be maintained therefor."

"Where an assessment for benefits and damages is void, the remedy of a property owner is in equity, by injunction to set aside the assessment and to restrain the sale of the property."

"An assessment which includes items and amounts which could not be legally assessed for, or is for an amount grossly in excess of what could be legally assessed, is void. Lot owners did not waive jurisdictional defects in proceedings for assessing special assessments by failure to appear and object to the assessment, or failure to appeal from the order of the council adopting the assessment resolution. Equity will grant relief by injunction against an assessment, void for want of jurisdiction." *Bennett v. City of Emmetsburg,* 115 N. W., 583-4-5-6-90 (Ia.).

"Delay in proceeding against a void special assessment does not, of itself, amount to laches, and the party would not be estopped to assert the invalidity of such an assessment, even if he were one of the petitioners for the improvement." *Batty v. City of Hastings,* 88 N. W., 139-40-1 (Neb.).

MOORE *v.* R. R.

To the same effect is *Paving Co. v. Verso,* 107 Pac., 590; *Ryan v. Altshal,* 37 Pac., 340; *In re Church,* 66 N. Y., 395; *Birdseye v. Village of Clyde,* 55 N. E., 169 Ohio.

The judgment of the Superior Court is
Affirmed.