J. FRANK FLOWERS AND ELIZABETH McCLINTOCK FLOWERS v. THE CITY OF CHARLOTTE ET AL.

(Filed 9 May, 1928.)

1. **Municipal Corporations—Public Improvements—Assessments—Restrictions in Charter Against Levy.**

An assessment made on abutting landowners for street improvements by a city under its charter prohibiting a second assessment within ten years, applies to the entire lot when a corner one abutting on two streets improved, and when one street has been improved, an assessment within the limited ten years on the lot fronting on the other street is prohibited by the charter.

2. **Same—Statutes—Repeal and Revival.**

Where a special act prohibits a second assessment for street improvements on the same land within ten years, an assessment made under a general statute, which is merely cumulative and does not repeal special acts, is void when made in conflict with the provisions of the special act.

APPEAL by defendants from *Harding, J.,* at April Term, 1928, of MECKLENBURG. Affirmed.

FLOWERS *v.* CHARLOTTE.

Action for judgment declaring void an assessment upon lot of land owned by plaintiffs for street improvements, made on 20 February, 1923, and enjoining sale of said lot for the collection of the amount assessed.

From judgment upon facts agreed defendants appealed to the Supreme Court.

*Thaddeus A. Adams and J. F. Flowers for plaintiffs.*
*John A. McRae and Frank W. Orr for defendants.*

CONNOR, J. Plaintiffs own a lot of land located at the northwest corner of Louise and Sunnyside avenues, in the city of Charlotte. The frontage of said lot on Louise Avenue is about 110 feet, and on Sunnyside Avenue is about 167 feet.

Louise Avenue was paved by the city of Charlotte, under the provisions of its charter, in 1913. An assessment for its *pro rata* part of the cost of said paving was made by the city of Charlotte on said lot, on 23 October, 1913. The said assessment was valid in all respects, and the amount so assessed is a lien on said lot. This amount was $423.36, and is now due, with interest at six per cent from 1 March, 1914, no part of same having been paid. The assessed taxable value of said lot in 1913 was $2,400. The charter of the city of Charlotte, under which the assessment was made for the paving on Louise Avenue, contains a provision as follows: *"Provided further,* that no assessment against any piece of property improved as in this act provided, shall in any case exceed the amount of special benefit to or enhancement in value of said property by reason of said improvements, or twenty per cent of the assessed taxable value thereof, and where permanent street improvements shall be made the property bearing such assessments shall not be so assessed again until after the expiration of ten years from the date of the last preceding assessment." Section 7, ch. 251, Private Laws 1911.

Sunnyside Avenue was paved by the city of Charlotte under the provisions of chapter 56, Public Laws 1915, and amendments thereto, now C. S., 2703-2728. An assessment for its *pro rata* part of the cost of said paving was made by the city of Charlotte on said lot on 20 February, 1923. The said assessment was valid in all respects, and the amount so assessed is a lien on said lot, provided the city of Charlotte had the power to make said assessment. The amount assessed upon plaintiff's lot, on account of the paving of Sunnyside Avenue was $868.40; five installments are now due and unpaid. At the date of the assessment for the paving of Sunnyside Avenue, plaintiff's lot was assessed for taxation at $8,635.00.

Upon the facts agreed, the court was of the opinion, and so adjudged, that the amount assessed upon plaintiff's lot for the permanent improve-

ment of Louise Avenue, to wit, $423.36, was a lien upon said lot; but that only the sum of $56.64 of the amount assessed for the permanent improvement of Sunnyside Avenue was a lien upon said lot, and that said lot was not subject to a lien in favor of the city of Charlotte, for the remainder of said assessment.

The judgment must be affirmed, upon the authority of *Charlotte v. Brown,* 165 N. C., 435, unless the limitation upon the power of the city of Charlotte, with respect to assessments for permanent street improvements, contained in its charter, is not applicable to the assessment made by said city on plaintiffs' lot for paving Sunnyside Avenue. This latter assessment was made before the expiration of ten years from the date of the last preceding assessment. The amount assessed for permanent improvements on Sunnyside Avenue, added to the amount of the previous assessment exceeds twenty per cent of the assessed taxable value of the lot at the date of the first assessment. The assessment on account of the improvements made on Sunnyside Avenue is void, if the limitation contained in the charter of the city of Charlotte is applicable. In *Charlotte v. Brown, supra,* it is said: "The fact that the lot is a corner lot, and is in two improvement districts, is immaterial. It is the taxable value of the entire lot that is to be considered in fixing the limit beyond which the assessment may not go. The excess of twenty per cent being void, under the charter of the plaintiff, the defendant may enjoin the collection of the excess." This was said of one assessment upon a corner lot which exceeded twenty per cent of its assessed taxable value. The question as to whether the limitation as to the amount which may be assessed against a specific lot applies where there is a second assessment following an assessment which did not amount to twenty per cent of the assessed taxable value of the lot, is not presented by this appeal. The court below was of opinion that it did not apply, and that the city had power to make a second assessment within ten years, provided the amount of the second assessment, added to the amount of the first assessment, did not exceed the limitation. Plaintiff did not except to or appeal from the judgment. Whether or not the city of Charlotte, under its charter, has the power to make repeated assessments upon the same lot of land, for street improvements, within a period of ten years, provided the total sum of all the assessments does not exceed twenty per cent of the assessed taxable value of the lot, at the date of the first assessment, is not presented on this record. The question is, therefore, not decided. The question here presented is whether the assessment for improvements on Sunnyside Avenue is void, under the charter, for that same was made before the expiration of ten years from the date of the assessment for improvements on Louise Avenue; and, if so, whether the provisions of the charter are applicable to the second assessment.

We think it manifest from the language of the proviso in section 7 of chapter 251, Private Laws 1911, that under the charter the second assessment, having been made before the expiration of ten years from the date of the first assessment is void, and this without regard to the fact that the second assessment was made under the provisions of Article IX, ch. 56 of the Consolidated Statutes. The language is, "Where permanent street improvements shall be made, the property bearing such assessments shall not be so assessed again, until the expiration of ten years from the date of the last preceding assessment."

It is provided by C. S., 2704, that Article IX, ch. 56 of the Consolidated Statutes shall apply to all municipalities; "It shall not, however, repeal any special or local law or affect any proceedings under any special or local law for the making of street, sidewalk, or other improvements hereby authorized, or for the raising of funds therefor, but shall be deemed additional and independent legislation for such purposes and to provide an alternative method of procedure for such purposes, and to be a complete act, not subject to any limitation or restriction contained in any other public or private law or laws, except as herein otherwise provided."

The principle discussed and applied in *Bramham v. Durham,* 171 N. C., 196, are applicable to the decision of the question as to whether the provisions of its charter, denying the city of Charlotte power to make a second assessment upon a lot for permanent street improvements within ten years after a previous assessment upon the lot for the same purpose made under its charter, apply where the second assessment is made under the provisions of Article IX, ch. 56, Consolidated Statutes. Upon these principles we hold that the question must be answered in the affirmative. Defendants' exception to the judgment cannot be sustained. The assessment made by the city of Charlotte upon plaintiffs' lot for improvements on Sunnyside Avenue is void; the amount of such assessment is not a lien upon said lot. The judgment is

Affirmed.