E. A. SECHRIEST, E. T. EVERHART, H. T. MANUEL, J. E. LOFTIN. LINDSAY LOFTIN, J. D. MORGAN, W. E. STINSON, MRS. J. A. LINTHICUM, C. R. THOMAS, D. J. HUNDLEY, JOHN MANUEL, N. F. JORDAN, FLOYD SLACK, JOHN T. FOWLER, J. H. HARRISON, ROY H. GRUBB, FRANK HAGER, E. G. BARLOW, THEODORE RIDGE, LEE TYSINGER, NUMA (JOHN) HINKLE, MRS. C. T. EVERHART, FRANK LANIER, M. K. HAMPTON, SINK & OWENS, AND T. H. SHIRLEY, v. THE CITY OF THOMASVILLE.

(Filed 27 January, 1932.)

**1. Municipal Corporation G b—Assessment for widening street beyond width of regular highway without petition of owners held invalid.**

Where, in constructing a highway through a city, the State Highway Commission contracts with the city to construct the highway through the city with a width of five feet on each side in excess of the width

of the highway beyond the city limits, the town to pay the cost of the extra five feet on each side, and the city levies a special assessment against the abutting owners to pay for the additional five-foot strip without a petition of the owners: *Held,* the statute under which the contract was made, sec. 3846(ff) N. C. Code of 1931 (Michie), applies only where the width of the street and the regular highway are the same, and the assessment is invalid, the provisions of C. S., 2707, requiring a petition of the majority of the abutting owners to be filed, not having been complied with.

2. **Statutes B a—Statutes giving authority to take land or burden it with assessments should be strictly construed.**

The statute giving the State and municipal authorities the right and authority to take private lands or burden it for public purposes should be strictly construed.

APPEAL by defendant from *Harwood, Special Judge,* at July Term, 1931, of DAVIDSON. Affirmed.

This is a civil action, upon an appeal of the defendant. There was created a special assessment district and an assessment was levied against plaintiffs' property pursuant to a contract entered into with the State Highway Commission by virtue of section 3846(ff), N. C. Code, 1931 (Michie). From the judgment of the court below, declaring the creation of said assessment district, and the levying of an assessment upon the lands of the plaintiffs, to be invalid and unenforceable, the defendant appealed.

The contract is as follows:

"This agreement, made and entered into this 30 April, 1928, by and between the North Carolina State Highway Commission, on the one part, and the town of Thomasville, in Davidson County, on the other part:

Witnesseth, that whereas, State Highway No. 10 passes through the town of Thomasville, and it has been found necessary to connect the State Highway System with the improved streets of said town; and whereas, the town of Thomasville desires that that portion of said State Highway within the town of Thomasville, from College Street north to the city limits be widened, straightened and improved, in accordance with plans prepared by and on file with the North Carolina State Highway Commission;

Now, therefore, it is agreed that if the State Highway Commission will cause to be constructed along the said street a pavement thirty feet in width, then the town of Thomasville, at its own expense, will cause to be laid, on either side of the said thirty foot strip of pavement, such additional pavement, including curb and gutter, with provisions for surface drainage, as will make the total paved width of said street,

from curb to curb, 40 feet. Such additional pavement to be of the same kind and character as that provided by the State Highway Commission.

It is understood and agreed that the town of Thomasville shall cause to be laid, under said pavement, all necessary water, sewer, gas and other pipe lines, or conduits, together with all necessary house or lot connections, to the curb line of said street, and that no part of the cost thereof shall be chargeable to or against the State Highway Commission and, as a further inducement to the State Highway Commission to enter into this contract, the town of Thomasville agrees and binds itself to save the State Highway Commission harmless from all costs that it may incur by reason of the right of way of said Route 10, through the town of Thomasville, and to provide for the prompt removal of any telephone or electric line poles or other obstructions that may be necessary for carrying out the said improvement.

Provided, however, that, if the town of Thomasville shall be unable, prior to the time of the commencement of construction on this project, to give the State Highway Commission satisfactory assurance of a right of way for that portion of the project between station 42 and the end of the project at College Street, where the plan proposed shows an encroachment upon the right of way claimed by the Southern Railway Company, then, in that event, the State Highway Commission reserves the right to eliminate from this project all that portion of the pavement south of station 42.

It is further understood and agreed that if, prior to the commencement of the construction of said work within the limits of the town of Thomasville, by the State Highway Commission, the town of Thomasville shall deposit with the State Highway Commission a sum of money which, in the opinion of the chairman of the State Highway Commission, shall be sufficient to pay for that portion of the entire pavement of the street of a total width of 40 feet, which, under the terms of this agreement, is chargeable to the town of Thomasville, then and in that event, the State Highway Commission will assume the supervision of and cause to be laid the entire pavement as hereinbefore provided.

That, in view of the contents of this agreement and, in order to provide the means for carrying the same into execution, the State Highway Commission, by virtue of section 16 of the State Highway Act, hereby orders the town of Thomasville to cause that portion of the streets of said town covered and embraced by State Highway No. 10, from College Street north to the town limits of Thomasville, in accordance with the plan of improvement hereinbefore referred to, to be paved in accordance with this agreement, and the said street is hereby declared to be an as-

sessment district, in accordance with the provisions of section 16, of the State Highway Act.

In witness whereof, the State Highway Commission has caused this agreement to be signed by its chairman, attested by its assistant secretary, and its corporate seal affixed, and the town of Thomasville has caused this agreement to be executed in its name, by its mayor, attested by its town clerk, and its corporate seal affixed. Executed in triplicate the day and year first above written."

The following judgment was rendered by the court below: "This cause coming on to be heard at the regular July Term, 1931, of the Superior Court of Davidson County before his Honor, John H. Harwood, judge presiding, and a jury, and the parties having expressly waived a jury trial and agreed upon the following as a statement of facts to be found by the court, and having agreed that his Honor could render judgment upon the admissions in the pleadings and the following agreed statement of facts, to wit:

1. That the contract, copy of which has been introduced in evidence, was executed between the State Highway Commission and the city of Thomasville.

2. That the street improvement described in this contract was done by the State Highway Commission, and the additional pavement, ten feet in width, inside of the city of Thomasville, was paid for by the city of Thomasville.

3. That the city of Thomasville did not procure the right of way from the North Carolina Railroad Company on East Main Street and that this street was eliminated from the contract.

4. That no petition of abutting property owners was filed, asking for assessment district to be made; but the city of Thomasville, relying upon the contract and order of the State Highway Commission, declared assessment district and made advertisement thereof and assessment for the cost of said pavement against the plaintiffs in this action, in accordance with their respective frontages, upon the said improvement, all as set out in the pleadings.

5. It is admitted that no condemnation proceedings was instituted by the town for the purpose of acquiring title to the lands upon which the said street improvement was made.

6. It is admitted that the pavement of the State Highway outside of the city limits is only thirty feet, exclusive of dirt shoulders, and that the pavement of that portion inside the city limits involved in this controversy is 40 feet.

7. That the condition of said streets is correctly shown on blue print introduced in evidence.

8. That chapter 301, section 49, Private Laws 1915, is in full force and effect as a part of charter of city of Thomasville.

9. That said assessment and improvement is made under and by virtue of section 3846(ff) of N. C. Code (Michie).

10. That the city of Thomasville is and was at the time herein referred to in the pleadings a city of more than 3,000 inhabitants.

11. That the State Highway No. 10 had previously been constructed by the State Highway Commission from the city of High Point to College Street in the city of Thomasville a total width of thirty feet and eighteen feet thereof had been paved with concrete.

12. That State Highway No. 10 follows Main Street from College Street westward and that there existed on this street a pavement varying in width from twenty-four to forty-six feet to the westward city limits, and that the State Highway No. 10 then continued in the direction of Lexington over a thirty-foot road, eighteen feet of which had been paved.

13. That simultaneous with the building of the street in controversy in this action the State Highway No. 10 from the city limits of Thomasville to the city limits of High Point was widened by the State Highway Commission to a pavement of thirty feet, with a five-foot dirt shoulder on either side, and that part of No. 10 extending from the eastern corporate limits of the city of Thomasville to the intersection of East Main Street was paved by the State Highway Commission under the terms of the contract between the State Highway Commission and the city of Thomasville, introduced in evidence, to a width of forty feet, and the city of Thomasville thereupon paid to the State Highway Commission the cost of ten feet of this pavement, five feet additional on each side of the forty-foot strip constituting the assessment district involved in this action.

Now, therefore, his Honor being of the opinion that upon the admissions in the pleadings and the foregoing statement of facts the assessment levied by the city of Thomasville, is invalid, the same is set aside, and declared null and void, and said city of Thomasville is perpetually enjoined and restrained from collecting said assessment. The cost of this action to be taxed against the city of Thomasville."

The defendant excepted to the judgment as signed, assigned error and appealed to the Supreme Court.

*Walser & Walser for plaintiffs.*
*Chas. Ross and H. R. Kyser for defendant.*

CLARKSON, J. The sole question involved in this action: Is an assessment by a city against the abutting property owners on each side of the

street widened, improved or surfaced to extent of five feet extra under a contract with the State Highway Commission, by virtue of N. C. Code, 1931 (Michie), sec. 3846(ff), invalid on account of the five feet on each side of such street widened, improved or surfaced, within the corporate limits, not being uniform in width with the improved or surfaced portion of the State Highway outside of the corporate limits; no petition for the extra five feet to be improved or surfaced having been obtained from the majority in number of the abutting property owners, in accordance with C. S., chap. 56, Art. 9, sec. 2707? Under the facts of this case, we think the assessment invalid.

Section 3846(ff), *supra*, is as follows: "When any portion of the State Highway System shall run through any city or town and it shall be found necessary to connect the State Highway System with improved streets of such city or town as may be designated as part of such system, *the State Highway Commission shall build such connecting links, the same to be uniform in dimensions and materials with such State highway: Provided, however,* that whenever any city or town may desire to widen its streets which may be traversed by the State Highway, *the State Highway Commission may make such arrangements with said city or town in connection with the construction of said road as, in its discretion, may seem wise and just* under all the facts and circumstances in connection therewith: *Provided further,* that such city or town shall save the State Highway Commission harmless from any claims for damage arising from the construction of said road through such city or town and including claims for right of way, change of grade line, and interference with public-service structures. And the State Highway Commission may require such city or town to cause to be laid out water, sewer, gas or other pipe lines or conduits together with all necessary house or lot connections or services to the curb line of such road or street to be constructed: *Provided further,* that whenever by agreement with the road-governing body of any city or town *any street designated as a part of the State Highway System shall be surfaced by order of the State Highway Commission at the expense, in whole or in part, of a city or town it shall be lawful for the governing body of such city or town to declare an assessment district as to the street to be improved, without petition by the owners of property abutting thereon,* and the cost thereof, exclusive of so much of the cost as is incurred at street intersections and the share of railroads or street railways whose tracks are laid in said street which shall be assessed under their franchise, shall be specially assessed upon the lots or parcels of lands abutting directly on the improvements, according to the extent of their respective frontage thereon by an equal rate per foot of such frontage." (Italics ours.)

In *Shute v. Monroe,* 187 N. C., at p. 686, we said: "We think C. S., 56, Art. 9, and the State Highway Act are *in pari materia,* and are to be construed together."

In analyzing the statute: We think it means that the street which is the connecting link through the city or town, that is to be improved or surfaced, shall be uniform in dimensions and materials with the paved portion of the highway outside of the city or town. That if the city or town desires to widen the street, that is the highway link, running through the city or town, the State Highway Commission and the city or town can agree as to the construction, in its discretion, as what may seem wise and just. It can be readily seen that it would be for the best interest of both city or town and the State Highway Commission, that when it is improving or surfacing the connecting link, of uniform dimensions and materials, that it should do the entire construction, the additional five feet on each side, as was done in the present case. That the link or street to be so improved or surfaced, the governing body of the city or town can declare it an assessment district without petition by the owners of the property abutting thereon, but this applies only to the width of the improved or surfaced portion of the State highway going through the city or town of the same width as the State highway, outside of the corporate limits. The extra feet, as in this case, five feet on each side of the highway through the city or town to be improved or surfaced, would require a petition from the majority in number of the abutting owners in accordance with C. S., chap. 56, Art. 9, sec. 2707.

The State Highway Act, chap. 2, Public Laws 1921, sec. 16, was fully considered in *Shute v. Monroe, supra.* The question presented in this case, was not presented in that one. The above section 16 was changed— Public Laws 1923, chap. 160, sec. 4: "That section sixteen be amended by striking out all of said section and inserting in lieu thereof the following." The new section is the same as that quoted in this opinion, *supra,* 3846(ff).

Plaintiffs, in contesting this matter, pursued the statutory remedy. *Jones v. Durham,* 197 N. C., at p. 133.

In *Charlotte v. Brown,* 165 N. C., 435, it is held: Where a municipality levies a special tax for street improvements upon the land of an abutting owner in excess of that allowed by a statute applicable, the excess is a nullity and may be enjoined; and where the limitation prescribed is a certain per cent of the taxable value of the property, that valuation must control, whether the property lies upon one or several streets. *Winston-Salem v. Coble,* 192 N. C., 776; *Winston-Salem v. Ashby,* 194 N. C., 388; *Flowers v. Charlotte,* 195 N. C., 599. In the

above cases the matter was jurisdictional and the proceeding void and the remedy by injunction permissible. *Jones v. Durham, supra,* at p. 132.

N. C. Code, 1931 (Michie), sec. 3671, is as follows: "The highways in any county, township, or road district constructed or improved under this article shall have a right of way of not less than forty feet, except where the road authorities or State Highway Commission deem it impracticable to acquire such width, and in such cases the width shall be as determined by said authorities. The alignment of the road shall be as straight as practicable and with no grade over four and one-half per cent, except as such grade is considered impracticable." See *Highway Commission v. Young,* 200 N. C., 603.

We do not think this section cited by defendant applicable to this case. We are not concerned with the width of the street, forty feet, but with the payment for the improvement and surfacing of the extra five feet on each side of the thirty feet improved or surfaced highway, through defendant city, that is uniform in width and material with the improved or surfaced portion of the highway outside of the corporate limits. There is no trouble about the State Highway Commission's right to condemn the land. N. C. Code, 1931 (Michie), 3846(bb) ; *Long v. Randleman,* 199 N. C., 344.

It is not a question that "North Carolina Main Street" No. 10, of 500 miles, from Beaufort to Murphy, and the Tennessee line, cannot be widened to forty feet, within the corporate limits of any city or town the highway traverses. See *Highway Commission v. Young, supra.* This can be done, and the statute gives the authority, but who shall pay for the hardsurfacing of same is the controlling question. In the present case it was paved the entire forty feet, but without statutory authority as to the extra five feet on either side—therefore, the paving of the extra five feet, on either side, is invalid, null and void. The statutes giving the road-governing bodies and others the right and authority to take private land, or burden it for public purpose, should be carefully followed. Such acts are strictly construed.

"Remove not the ancient landmark, which thy fathers have set." Prov. 22:28.

For the reasons given, the judgment of the court below is

Affirmed.