. FRANK H. HOUCK AND FRANK C. PREVETTE, BY HIS NEXT FRIEND, B. L. PREVETTE v. THE CITY OF HICKORY.

(Filed 11 May, 1932.)

**Municipal Corporations G a—Charter prohibition of second assessment within ten years held not affected by statute validating levies in general.**

Where the charter of a city expressly provides that a second assessment of property for permanent improvements shall not be made within ten years from a prior assessment on the same property for that purpose: *Held,* a second assessment of a lot within ten years is void, and a later statute validating prior assessments and proceedings therefor but which does not repeal the charter restrictions or purport to authorize assessments does not affect this result, the later statute being an enabling statute affecting defects or omissions in procedure only.

APPEAL by defendant from *Moore, J.,* at September Term, 1931, of CATAWBA. Affirmed.

The admitted facts as set out in the judgment are as follows:

1. For a number of years prior to 1921 the plaintiffs were the owners in fee of a certain lot in the city of Hickory, a municipal corporation, situated at the northeast corner of the intersection of Twelfth Street and Seventh Avenue, having a frontage of 25 feet on the east side of Twelfth Street and 96 feet on the north side of Seventh Avenue, and occupied said lot with a building for merchandising purposes. In the year 1921, while they owned and occupied said lot, the city of Hickory permanently improved Twelfth Street by laying thereon a concrete asphalt top hard surface the full width of said street in front of said lot, assessed said lot one-third the cost of the permanent improvement so made along the frontage of said lot on Twelfth Street, as the charter of the defendant provided might be done, and said assessment was duly paid.

2. In or about the year 1925, the provisions of the charter of the city of Hickory under which it could assess one-third of the cost of permanent street improvements against the adjoining property were amended so as to increase such provisions to one-half of the cost thereof.

3. In the year 1928 the defendant permanently improved Seventh Avenue in said city by laying thereon a concrete hard surface the entire width of the street and the entire length of the lot herein above described on the south side, and attempted to assess against said lot one-half the cost of said permanent improvement on Seventh Avenue in the amount of $335.62, and demanded payment of the plaintiffs of the amount of said attempted assessment; whereupon, the plaintiffs brought this action.

The charter of the city of Hickory, Article 8, sec. 7, Private Laws of 1913, in force in 1921 and 1928, when the permanent improvement on Seventh Avenue was made, provides among other things as follows: "Where permanent street improvements shall be made the property bearing such assessments shall not be assessed again until after the expiration of ten years from the date of the last preceding assessment."

4. The plaintiffs brought this action on 5 December, 1930, and filed their complaint on the same day. An answer was filed thereto by the defendant and the case so stood when, on 14 February, 1931, the General Assembly of North Carolina passed an act entitled: "An act to prevent losses to general municipal taxpayers in Catawba County." Subsequently the defendant amended its answer and pleaded the said act as an estoppel and in bar of any recovery by the plaintiffs in this action, and it was agreed at the trial that unless said act was a bar to the plaintiffs' recovery, then that judgment should be rendered in favor of the plaintiffs. There was offered in evidence the summons to show its date and the date of filing the complaint, the charter of the city of Hickory, hereinbefore mentioned in the Private Laws of 1913, and a certified copy of the Private Laws of 1913, and a certified copy of the House Bill and Journals under which was enacted the act of 14 February, 1931, hereinbefore mentioned.

Upon the foregoing facts the court, being of opinion that said act of 14 February, 1931, is not a bar or an estoppel upon the plaintiffs to seek and have the relief which they are demanding in the present action, and being further of the opinion that the defendant could not legally assess the lot of the plaintiffs for the cost of any permanent improvement on said lot made within ten years after the permanent improvement on Twelfth Street, made in 1921, and finding as a fact that the improvements made in 1928 were within a period of seven years of said time, adjudged that the attempted assessment for the improvement on Seventh Avenue along said lot, in 1928, is unlawful, and, therefore, null and void.

It was further adjudged that the defendant, its officers and representatives, be perpetually enjoined and restrained from assessing or attempting to assess, collecting or attempting to collect any part of the cost of any permanent street improvement made in 1928 against any portion of the plaintiffs' lot at the northeast intersection of Twelfth Street and Seventh Avenue, in the city of Hickory.

The defendant excepted and appealed.

*E. B. Cline and Theodore F. Cummings for plaintiffs.*
*Self, Bagby, Aiken & Patrick for defendant.*

ADAMS, J. The record discloses an agreement by the parties that judgment should be awarded the plaintiffs unless the act of 1931 entitled "An act to prevent losses to general municipal taxpayers in Catawba County," is a bar to the plaintiffs' recovery. Whether the act constitutes such a bar is the question for decision.

The charter of the city of Hickory contains the following provision: "When permanent street improvements shall be made, the property bearing such assessments, shall not be assessed again until after the expiration of ten years from the date of the last preceding assessment." This is a literal transcript of a clause embraced in the charter of the city of Charlotte, the scope and significance of which were explained and declared in Flowers v. Charlotte, 195 N. C., 599. In that case the question was whether an assessment for improvements on Sunnyside Avenue was void because made before the expiration of ten years from the date of the assessment for improvements on Louise Avenue. This Court held that the assessment was void without regard to the fact that the second assessment was made under the provisions of Article IX, ch. 56, of the Consolidated Statutes. We must abide by this decision unless its application is made ineffective by the cited act of 1931.

The assessment made by the city of Hickory in 1928 was void. The ten-year provision of the charter was then in force; it is now in force because it has never been repealed. The act of 1931 has no repealing clause; nor does it purport to authorize an assessment for the improvement of the streets of the city. It provides that all assessments previously levied on property for the improvement of streets and sidewalks, including all proceedings taken by the governing body prior to the assessments, shall be legalized and validated. Obviously it was enacted as an enabling statute, designed to cure defects or omissions in the procedure taken by the governing bodies of cities, towns, and villages in Catawba County, who have authority to improve the streets and to levy assessments upon adjoining property. It neither empowers the municipal authorities to levy an assessment nor is effective to restore vitality to an assessment that never had life.

The appeal presents the case of a law positively forbidding an assessment within a period of ten years from 1921 and of a subsequent statute purporting to legalize and validate the forbidden assessment, without repealing the prohibition or affirmatively authorizing a second assessment. In these circumstances the latter statute does not abrogate or nullify the former.

This position is not inconsistent with the decision in Holton v. Mocksville, 189 N. C., 144. There the assessment was levied although no petition had been filed as required by section 2706 of the Consolidated

Statutes. This section provides that every municipality shall have power, by resolution of its governing body upon petition made as provided, to cause local improvements to be made and to defray the expense by local assessment. Failure to file the petition was a fatal defect, but it was a defect of procedure remediable by legislation. An act of the General Assembly, ratified 23 February, 1923, authorized the commissioners of Mocksville to proceed with or without a petition. It did more than this. It expressly conferred upon the commissioners the power to levy special assessments for improvements then in progress or completed within two years prior to the ratification of the act and validated previous proceedings. There is a distinction, we think, between the pending case and *Holton v. Mocksville, supra.* In the former there is a direct prohibition against a second assessment within a stated period and an absence of subsequent authority to make the levy; in the latter not only is a second assessment authorized, but the remedial act was intended merely to cure a defect in procedure.

In our opinion the act of 1931 is not a bar to the plaintiff's recovery. Judgment

Affirmed.