Z. V. CRUTCHFIELD, CRUTCHFIELD & SINK, HALL & HIGGINS, D. A.
WALSER AND D. L. PICKARD, CEMETERY, D. O. CECIL, CENTRAL
OIL COMPANY, G. V. BODENHEIMER, P. E. PARKER, HAROLD
PARKER, J. N. McCRARY, N. D. CLEMMONS, JESSE A. WADE, W. M.
JORDAN, C. E. KEPLEY, GEORGE FINCH, DOAK FINCH, MRS. G. H.
YOW, UNITY CHAPEL, W. S. LONG, FIRST NATIONAL BANK OF
THOMASVILLE, MORTGAGEE, MRS. ESSIE LASSITER, HIGH POINT
GROCERY COMPANY, AND SOUTHERN OIL COMPANY, v. THE CITY
OF THOMASVILLE.

(Filed 10 January, 1934.)

**Muncipal Corporations G h — Irregularities in procedure for levying
assessments for street improvements may be cured by validating act.**

Where an incorporated town, under authority of N. C. Code (Michie),
3846 (ff), levies an assessment against abutting property owners for street
improvements in paving a strip on either side of a State highway run-
ning through the town, but such levies are made without a petition of
the abutting owners as prescribed by C. S., 2707, the assessments are
invalid but not void, and the Legislature has the power to validate the
assessments by subsequent legislative act, the Legislature having had
the power to authorize the assessments in the first instance.

APPEAL by defendant from *Stack, J.,* at February Term, 1933, of
DAVIDSON. Reversed.

The following is the agreed statement of facts:

"For the purpose of determining the matters in controversy in the
above captioned case, it is agreed that the following shall constitute an
agreed statement of facts:

1. That the city of Thomasville is a municipal corporation, organized,
created and existing by virtue of the acts of the Legislature, as set
out in the answer; that said city has more than 3,000 inhabitants accord-
ing to the U. S. census and a considerable part of the streets of the
said city had been paved and hard surfaced previously to the paving
referred to in the complaint.

2. That for many years prior to 1915 the street referred to in the
complaint as the National Highway was known as Unity Street and
several years prior to 1928 the said street was taken over by the High-
way Commission and it had constructed as a connecting link State
Highway No. 10 from the city of High Point to College Street in
the city of Thomasville a highway 30 feet in width from the northern
limits of the city of Thomasville, 18 feet of said highway being paved
with concrete, and the remaining portion of said highway consisting of
dirt shoulders, without any portion of the costs of the construction of
said length of highway being assessed against any of the abutting prop-
erty owners; that in 1928 said highway No. 10 from the city of Greens-
boro to the corporate limits of Thomasville was widened to a width of

40 feet, 30 feet of which was paved and the remainder thereof consisting of dirt shoulders. That in said city of Thomasville where said National Highway No. 10 intersects with East Main Street in said city that said pavement from that point varies in width from 24 to 46 feet to the westward city limits of the city of Thomasville and then State Highway No. 10 consists of a highway 30 feet in width from the westward city limits of the city of Thomasville running to the city limits of Lexington, N. C., 18 feet of said highway being paved with concrete and the remaining portion consisting of dirt shoulders.

3. That on 30 April, 1928, the city of Thomasville and the State of North Carolina, through its Highway Commission, entered into a contract, a copy of which is attached to the complaint and is made a part thereof as fully as if herein set out and reiterated.

4. At a meeting of the city council, upon motion of R. L. Pope, and seconded by Z. V. Crutchfield, the following ordinance or resolution was duly enacted: 'Resolution providing for public improvements—be it resolved by the city council of the city of Thomasville:

That whereas, the State Highway Commission has by agreement contracted to construct a pavement 30 feet wide along State Highway Route No. 10 from College Street, in the city of Thomasville, north to the corporate limits thereof and has found it necessary to connect the State highway with the improved streets of said city uniform in dimensions and materials; and

Whereas, the State Highway Commission did, on 30 April, 1928, by virtue of section 16 of the State Highway Act, make and enter an order declaring the said street to be an assessment district and directing the improvements hereinafter set forth to be made.

Now, therefore, pursuant to such an order, it is resolved that the street or streets to be improved are as follows: North Main Street from College Street to National Highway; National Highway from North Main Street to the corporate limits, and that the improvements to be made therein or thereon are as follows:

A. That pavement be laid or constructed on either side of the 30-foot strip of pavement to be constructed by the State Highway Commission, such additional pavement, including curb and gutters, with provisions for surface drainage, as will make the total paved width of said streets, from curb to curb, forty feet; and such additional pavement is to be of the same kind, character and specifications as that portion to be constructed by the State Highway Commission:

B. That a water main of adequate size be laid on said street or streets or parts thereof as above described and that the necessary laterals be laid for the proper connections with the abutting property with said water main.

C. That there be laid on said street or streets, or part or parts thereof, as above described, such surface or storm sewers as shall be required for the necessary surface drainage.

D. That the said street or streets are hereby declared to be a special assessment district and the entire cost of such improvements are to be assessed against the lots and parcels of land abutting on said street or streets according to their respective frontage thereon, by an equal rate per foot of such frontage, except so much of the paving laid at street intersections, which portion is to be paid for by the city.

E. Said assessments will be payable in ten equal annual installments, which installments will draw interest at the rate of 6 per cent, per annum, from the date of confirmation of the assessment roll; provided, that any such assessment may be paid in full, in cash, without the additional interest, within 30 days from the date of publication of notice of the confirmation of the assessment roll.

The foregoing resolution was adopted by the city council of the city of Thomasville, pursuant to the authority above set forth, on 16 June, 1928. B. H. Harris, city clerk.'

5. That the said ordinance or resolution, as enacted, was duly published in the *News and Times,* a newspaper published in the city of Thomasville, in its issue bearing date of Thursday, 21 June, 1928, and pursuant to such ordinance or resolution, the city council of the city of Thomasville declared the National Highway abutting the property of the plaintiffs a special assessment district and assessed against the property of the plaintiffs abutting on such highway according to their respective frontage thereon by an equal rate per foot of such frontage, except so much of the paving laid at street intersections, which portion was to be paid by the city.

6. That during the month of July, 1928, the defendant, pursuant to the contract above referred to and the ordinance or resolution duly enacted, paved the said National Highway to a width of 40 feet and assessed against the abutting property owners the cost thereof, the additional 5 feet on each side of the said 30 foot paved road according to their front feet abutting thereon.

7. That the amount assessed against the property of the owners, as referred to in paragraph 3 of the complaint, are admitted to be correct.

8. It is admitted no petition of abutting property owners was filed asking for this assessment district to be made, and the city declared the assessment district, pursuant to the ordinance above referred to and made advertisement thereof and assessed the cost of said pavement or improvement against the lands of the plaintiffs, as above referred to, in accordance with their respective frontages.

9. That no condemnation proceeding was instituted by the town for the purpose of acquiring title to the lands against which the street improvement was made.

10. That the defendant published a notice dated 23 July, 1930, requiring all persons interested in said assessment involved in this action to appear before the city council on 4 August, 1930, at 7:30 p.m., and offer any allegations and objections to said assessment; that the plaintiff, G. V. Bodenheimer, Z. V. Crutchfield and possibly some of the other plaintiffs appeared, but made no objection or complaint to the confirmation of the assessment roll.

11. That the following plaintiffs made the following payments on said assessments, namely: Crutchfield and Sink, $24.00; Z. V. Crutchfield, $92.76; High Point Grocery Company, $26.81; Mrs. G. H. Yow made a payment of, $31.76 upon condition a prior assessment of $166.93 be not enforced against her, but all of said amounts were paid without protest, and after other property owners were contesting the validity of this assessment that the said sums were paid more than 90 days prior to the institution of this action and no claim or demand has been made upon the defendant for the return of the same before the institution of this action.

12. That at the time this contract was entered and the ordinance passed creating the said assessment district and the construction of the pavement made, chapter 224 of the Private Laws of North Carolina of the Session of 1927, was in force and effect.

13. That since the entering into said contract, the passage of the ordinance creating the assessment district and assessing the property owners with the cost of the assessment, the construction of the said pavement and the payments made on the amounts assessed against the property of the plaintiff, chapter 196 of the Private Laws of North Carolina of the Session of 1929, has been enacted. Section 58, paragraph A thereof being as follows: 'That any and all proceedings heretofore taken by the city of Thomasville in the paving or repairing of its streets and sidewalks and for the levying of special assessments thereof are hereby approved, legalized and validated,' etc.

14. That section 68 of the said chapter 196 of the Private Laws of Session of the Legislature of 1929, provides as follows: 'That no action shall be instituted or maintained against the city of Thomasville upon any claim or demand whatever of any kind or character until the claimant shall have first presented, in writing, his or her claim or demand to the council of the said city and said council shall have declined to pay or settle the same, as presented, or for ten days after such presentation shall have neglected to enter or cause to be entered upon its minutes its determination in regard thereto.'

15. That the time the contract was entered into, the ordinance or resolution passed and the street paved, section 49 of chapter 301 of the Private Laws of the General Assembly of 1915 was in full force and effect, and a part of the charter of the city of Thomasville.

16. That the condition of said streets is correctly shown on blue print dated 26 May, 1931, and is made a part of this agreed statement of facts.

17. That said assessment and improvement was made under and by virtue of section 3846ff of N. C. Code (Michie)."

The judgment of the court below is as follows: "This cause coming on to be heard at the regular February Term, 1933, of the Superior Court of Davidson County before his Honor, Judge A. M. Stack, judge presiding, and a jury, and the parties having expressly waived a jury trial and agreed upon the following statement of facts to be found by the court (a copy of said findings of fact which are hereto attached and made a part of this judgment as if written herein) and having agreed that his Honor could render judgment upon the admissions in the pleadings and the said statement of facts; now, therefore, his Honor being of the opinion that upon the admissions in the pleadings and the attached statement of facts the assessment levied by the city of Thomasville is null and void and the same is set aside and declared null and void, and the said city of Thomasville is perpetually enjoined and restrained from collecting the assessments and the amounts which are assessed against the plaintiffs in this action as contained in allegation 3 of the complaint which was admitted in the answer, and that the defendant pay the costs of this action to be taxed by the clerk."

Defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*Don A. Walser for plaintiffs.*
*H. R. Kyser for defendant.*

CLARKSON, J. The plaintiff relies on *Sechriest v. Thomasville,* 202 N. C., 108, to sustain the judgment of the court below, but on the facts appearing in the present case, we cannot so hold.

In that case the protesting property holders appeared before the governing body and a decision was rendered against them. Pursuant to C. S., 2714, they appealed. "To the making of the above assessments each of the parties above named assessed excepted and appealed to the Superior Court of Davidson County." In the Superior Court in the *Sechriest case, supra,* a judgment was rendered for plaintiffs, which, in part, is as follows: "It is admitted that the pavement of the State highway outside of the city limits is only thirty feet, exclusive of dirt shoulders, and that the pavement of that portion inside the city limits

involved in this controversy is 40 feet. . . . That chapter 301,
section 49, Private Laws, 1915, is in full force and effect as a part of
charter of city of Thomasville. That said assessment and improvement
is made under and by virtue of section 3846(ff) of N. C. Code (Michie).
Now, therefore, his Honor being of the opinion that upon the admis-
sions in the pleadings and the foregoing statement of facts the assess-
ment levied by the city of Thomasville, is invalid, the same is set aside,
and declared null and void, and said city of Thomasville is perpetually
enjoined and restrained from collecting said assessments." The city of
Thomasville appealed to this Court and the judgment of the court below
was affirmed. The main contention of plaintiffs in that case is that
there was no petition. This Court said in the *Sechriest case, supra,* at
p. 112 and 113:

"The sole question involved in this action: Is an assessment by a
city against the abutting property owners on each side of the street
widened, improved or surfaced to extent of five feet extra under a
contract with the State Highway Commission, by virtue of N. C. Code,
1931 (Michie), sec. 3846(ff), invalid on account of the five feet on each
side of such street widened, improved or surfaced, within the corporate
limits, not being uniform in width with the improved or surfaced por-
tion of the State highway outside of the corporate limits; no petition
for the extra five feet to be improved or surfaced having been obtained
from the majority in number of the abutting property owners, in accord-
ance with C. S., chap. 56, Art. IX, sec. 2707? Under the facts of this
case, we think the assessment invalid." Plaintiffs, in the present action,
were given notice, some did and some did not appear and appeal, as
was done in the *Sechriest case, supra,* but bring this separate action,
instituted 24 March, 1932.

In the *Sechriest case, supra,* at p. 114, we said: "Plaintiffs, in con-
testing this matter, pursued the statutory remedy. *Jones v. Durham,*
197 N. C., at p. 133." This Court said in that case "We think the
assessment invalid." In the present case, can that invalidity be cured?
We think so.

In *Holton v. Mocksville,* 189 N. C., 144 (p. 149), we find: "Defend-
ant offered in evidence chapter 86, Private Laws, 1923, entitled 'An act
relating to the financing of street and sidewalk improvements in the
town of Mocksville.' This act provides that 'the said board of commis-
sioners (of the town of Mocksville) shall have power to levy special
assessments as herein provided (*i. e.,* without petition as required by
C. S., 2706), for or on account of street and sidewalk improvements
now in progress or completed within two years prior to the ratification
of this act. All proceedings heretofore taken by the board of commis-
sioners of said town for the levying of special assessments are hereby

legalized and validated.' This act was ratified on 23 February, 1923. The improvements for the payment of which the assessments involved in this action were made, were completed in February, 1922. This act is sufficient in its terms to cure the defect in the proceeding and to legalize and validate the assessment. . . .  (p. 150.) Nor can the act be successfully attacked because it is retroactive or retrospective. The General Assembly having the power in the first instance to confer upon the authorities of a municipal corporation power to improve its streets and sidewalks and to assess the owners of abutting property with a part of the cost of such improvements without a petition, has the power to validate proceedings for the improvement of streets and sidewalks which were begun and which have been concluded without an initial petition. This power has been recognized and its exercise approved as within the constitutional authority of the General Assembly by this Court," citing a wealth of authorities.

In *Gallimore v. Thomasville,* 191 N. C., 648 (652-3), we find: "Between the date on which plaintiffs appealed from the assessments made on their lands, and the trial of this appeal in the Superior Court, chapter 217, Private Laws, 1925, was enacted by the General Assembly. This act provides 'that any and all acts heretofore done and steps taken by the city of Thomasville in the paving of the streets of the city of Thomasville and the assessments levied therefor are hereby in all respects approved and validated.' Defendant was permitted by the court to amend its answer to the protest of plaintiffs, and to plead this act in support of the validity of the assessments. Conceding that there were defects and irregularities in the proceedings under which the assessments were levied, sufficient to render said assessments invalid, as contended by plaintiffs, it must be held, under the authority of *Holton v. Mocksville,* 189 N. C., 144, that said assessments are now valid, by virtue of said act, provided the act itself is valid. . . .  The power of the General Assembly to enact such statutes has been repeatedly and uniformly upheld. *Holton v. Mocksville,* 189 N. C., 144; *Brown v. Hillsboro,* 185 N. C., 375. The principle that when there are defects and irregularities in a proceeding duly authorized by the General Assembly, due to an inadvertent violation or nonobservance of statutory provisions, for the conduct of such proceedings, the General Assembly may correct the defects and cure the irregularities, and thus validate the proceeding, by proper legislative action, provided no vested rights have supervened, has been very generally recognized. *Kinston v. Trust Co.,* 169 N. C., 207; *Reid v. R. R.,* 162 N. C., 355." *Comrs. v. Assel,* 194 N. C., 412 (418); *Barbour v. Wake County,* 197 N. C., 314 (318); *Greene County v. R. R.,* 197 N. C., 419 (423); *Efird v. Winston-Salem,* 199 N. C., 33 (37).

In the present case, the facts agreed upon (13) is as follows:

"That since the entering into said contract, the passage of the ordinance creating the assessment district and assessing the property owners with the cost of the assessment, the construction of the said pavement and the payments made on the amounts assessed against the property of the plaintiff, chapter 196 of the Private Laws of the State of North Carolina of the Session of 1929 has been enacted. Section 58, paragraph A thereof being as follows:

'That any and all proceedings heretofore taken by the city of Thomasville in the paving or repairing of its streets and sidewalks and for the levying of special assessments thereof are hereby approved, legalized and validated. . . .'" (See Private Laws, 1933, chap. 128, sec. 2.)

The act, although a little broad, yet it approves, legalizes and validates the levying of special assessments and comes within the *Holton* and *Gallimore cases, supra. Houck v. Hickory,* 202 N. C., 712, is easily distinguishable.

Perhaps confusion arose as in the latter part of the opinion in the *Sechriest case* the language used "is invalid, null, and void." In the prior part of the opinion it was distinctly said "under the facts in this case, we think the assessment invalid." This invalidity was cured by the special act which said: "special assessments thereof are hereby approved, legalized, and validated." This case is distinguishable from *Charlotte v. Brown,* 165 N. C., 435, *Flowers v. Charlotte,* 195 N. C., 599. In those cases the assessment was "void," in the present case "invalid" and could be resuscitated by legislative enactment.

Reversed.