## TOWN OF MOUNT OLIVE v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 8 October, 1924.)

**Municipal Corporations — Streets — Improvements—Assessments—Intersecting Streets—Statutes.**

> Where railroad property in a city lies along an unimproved street, but abuts upon an improved street that runs through the unimproved one, the owner is ordinarily liable to an assessment of one-half of the cost of the improvement on the abutting and improved street, and the exception in the statute as to street intersections is inapplicable. C. S., 2710 (1), 2703.

APPEAL by plaintiff from *Lyon, J.,* at February Special Term, 1924, of WAYNE.

*Langston, Allen & Taylor for plaintiff.*
*Dickinson & Freeman and O. H. Guion for defendant.*

CLARKSON, J. This is an action brought by the town of Mount Olive against the Atlantic Coast Line Railroad Company for the recovery of assessments (under the ordinance regularly passed) against the defendant's property for certain paving on West Center Street, in the town of Mount Olive, up to the depot of the defendant company.

The paving so made under this ordinance was on West Center Street, up to and including the entire width of College Street, where College Street runs into it on the east and west side of Center Street. West Center Street was paved up to a point upon which is located the depot of the Atlantic Coast Line Railroad Company, immediately adjoining the space paved on Center Street, and at a point where College Street extended across Center Street would cover.

College Street lies to the west and east of Center, Street, and no part of College Street is paved but the space on Center Street. The entire width of College Street and the width of Center Street is covered by

MOUNT OLIVE *v.* R. R.

the paving under this ordinance. This paving is placed on Center Street its entire width, and covers a space made by the junction of East and West College Street with Center Street. The location of defendant's property and its relation to the street paving is shown on the map.

| | Defendant's R. R. Property, Depot, Etc. | |
|---|---|---|
| College Street (not paved) | *Locus in quo* (paved) | College Street (not paved) |
| | Center Street (paved under ordinance) | |

From the record, no part of College Street has been paved, except the *locus in quo,* on which defendant's land abuts, and is an extension of Center Street to the depot of defendant. The question presented is: Whose duty is it to pay for this street pavement? To answer this we must refer to the statutes on the subject.

C. S., 2710, sec. 1, is as follows:

*"One-half on abutting property.* One-half of the total cost of a street or sidewalk improvement made by a municipality, exclusive of so much

of the cost as is incurred at street intersections and the share of railroads or street railways, shall be specially assessed upon the lots and parcels of land abutting directly on the 'improvements, according to the extent of their respective frontage thereon, by an equal rate per foot of such frontage, unless the petition of such street or sidewalk improvement shall request that a larger proportion of such cost, specified in the petition, be so assessed, in which case such larger portion shall be so assessed, and the remainder of such cost shall be borne by the municipality at large; but no assessment for streets and sidewalks shall be made against abutting property on any such street or sidewalk until said street or sidewalk has been. definitely laid out and the boundaries of the same definitely fixed."

The above section is taken from Laws 1915, ch. 56, sec. 8, with the exception that the Consolidated Statutes has added *"one-half on abutting property,"* and the latter part of the section commencing with "but no," etc.

The clear interpretation of the act, we think, means what its language says—that one-half of the total cost of the street improvement shall be assessed upon the parcel of land abutting directly on the improvement, according to the extent of the respective frontage thereon.

Section 2703 defines what "frontage" means:

" 'Frontage,' when used in reference to a lot or parcel of land abutting directly on a local improvement, means that side or limit of the lot or parcel of land which abuts directly on the improvement."

Defendant's land abuts on one-half of the *locus in quo* paved, and, we think, under the statute, the defendant is liable for this much of the cost of the street improvement.

The position taken by counsel of both plaintiff and defendant, that the question was whether plaintiff or defendant was liable, depended on the following in the statute: "Exclusive of so much of the cost as is incurred at street intersections." The discussion in the briefs is on the proposition whether the *locus in quo* was a street intersection.

Construing a criminal statute passed for the protection of human life and the safety of motorists and pedestrians, in *Manly v. Abernathy,* 167 N. C., p. 220, it was held that the *locus in quo* was an intersection. The street-improvement statute must be construed according to its language and intent.

We do not think the *Manly case, supra,* has any application to land abutting on improvements. The language of the statute now under consideration, we think, clearly fixes the liability of defendant, and rightly so. The owner of the frontage of land abutting on the street improvement must pay one-half the cost of the width of the street. The defend-

ant's land abuts on the improvement·made, and it must pay one-half of the amount assessed for the improvement made, as shown on the *locus in quo*. The other half must be paid by the city. Any other construction would discriminate, and the position here taken makes all pay alike.

From the view we take of the law, the judgment below is

Reversed.