The judgment in the court below is as follows:
"This cause coming regularly on to be heard before me at the civil term of the Superior Court of Forsyth County, beginning 12 September, 1927, and it being agreed by the parties that the court should find the facts, after hearing the evidence, the court finds as a fact:
(1) That the parties to the action have agreed as follows: (a) That the town of Kernersville in the year 1925, ordered certain local improvements to be made on several streets in the town, including Railroad Street, the street in controversy in this action. (b) That the said local improvements were made and assessments duly made against the Southern Railway Company as an abutting property owner on the north side of Railroad Street. (c) That Southern Railway Company duly filed an appeal to the Superior Court of Forsyth County from the assessment for pavement on said Railroad Street. (d) That that part of Railroad Street on which the improvement was made is almost wholly within the right of way of the Southern Railway Company, and within forty-five feet of the center of the roadbed, and the improvement which laid on Railroad Street, one-half of the cost of which the town seeks to assess against Southern Railway Company, is entirely within the right of way of the Southern Railway Company.
(2) Upon the evidence introduced the court finds as a fact: (a) That on the ________ day of ________________, 1868, W. P. Henley and wife, the then owner of the land on which the town of Kernersville is now located, granted to N.W. N.C. R. R. Co. an easement in a strip of land ninety feet in width, which embraces the locus in quo, for use as a right of way for the operation of a railroad, and for as long as so used; by successive conveyances said easement is now held by Southern Railway Company. (b) That on 19 February, 1877, the governing authorities of the town of Kernersville, by a resolution spread on their records, the following resolution, viz.: `19 February, 1877. It was passed by the board that a street on each side of the railroad bed 45 feet from centre, be established, beginning at the Danville crossing and running to the Gates crossing. Continuation of the Railroad Street, 54 1/2 feet. Beginning on south side of Main Street at the planking near a chestnut oak tree, running south side of railroad, south 32 deg. east 422 feet to a cedar stake in Cedar Grove; thence south 30 deg. east curving with the railroad to intersect with the Greensboro Street, width of street 54 1/2 feet,' ordered the opening of two streets in the town of Kernersville, one on the north and the other on the south side of the railroad, said street being known as Railroad Street; that the locus in quo is one of the streets opened after the adoption of said resolution by the authorities of the town of Kernersville, *Page 758 
and since 1877 has been maintained as a public street of the town, and has been worked by the city forces and used by the citizens of the town continuously. (c) That the town of Kernersville ordered the making of local improvements, including the local improvement of Railroad Street, pursuant to petition duly filed by property owners, and that all action taken in connection with the making of said local improvement was regular and in accordance with law. (d) That in apt time Southern Railway Company filed its notice of appeal from the confirmation of the assessment, and filed the statement of facts upon which it based its appeal, alleging in said statement that Railroad Street is not a public street, and that no compensation had been paid Southern Railway Company by the town of Kernersville for the land covered by the street and on which the pavement was laid. (e) That Southern Railway Company had due notice of the intention of the authorities to improve said Railroad Street by making local improvements thereon prior to the commencement of said work, and also had due notice that the authorities of the town considered said street a public street, the Southern Railway Company made no protest and filed no objection to the making of the improvement only until after the work was done and the assessment roll prepared.
Wherefore, the court is of the opinion: (a) That Railroad Street is a public street of the town of Kernersville. (b) That Southern Railway Company, knowing that the town was making costly improvements on said Railroad Street, in the belief that said street was a public street, and would levy assessments against the Southern Railway Company for the cost of said work, offered no objection thereto until after the completion of the work, and is therefore estopped to deny that said street is a public street. (c) That all things had and done by the governing authorities of the town in connection with the ordering and making of the local improvements was done in accordance with statutes governing the making of local improvements. (d) That Southern Railway Company is liable for the assessments levied by the town of Kernersville.
Therefore, it is now ordered, adjudged and decreed that the town of Kernersville have and recover of the Southern Railway Company in the sum of $1,512.78, with interest on said sum from 10 March, 1926, until paid. Southern Railway Company will pay the cost of this action."
It will be noted that the parties to this controversy agreed that the court below find the facts. Certain facts were agreed to and the court heard the evidence and found the facts. The finding of *Page 759 
facts by the court are as binding on the litigants as the findings by a jury. 38 Cyc., p. 1933 et seq.
The court below found the following facts: "That the locus in quo is one of the streets opened after the adoption of said resolution by the authorities of the town of Kernersville, and since 1877 has been maintained as a public street of the town, and has been worked by the city forces and used by the citizens of the town continuously."
It is well settled that a municipal corporation cannot exercise the power of eminent domain and acquire land for street purposes unless authorized by its charter or under a provision in the general law. Provision made for condemnation must be bottomed on just compensation.Lloyd v. Venable, 168 N.C. p. 531.
It is said in Raleigh v. Durfey, 163 N.C. at p. 160: "It is admitted that the plaintiff has been in undisputed actual adverse possession under known and visible lines and boundaries of the entire land and property for sixty years, occupying the same and collecting the rents. Upon these facts it would seem to be plain that plaintiff has acquired an absolute title to the property. One of the methods of acquiring title to land is by adverse possession. Mobley v. Griffin, 104 N.C. 115. We know of no reason or authority by which a municipality is excluded from that rule and rendered incompetent to acquire title by that method."
The town of Kernersville has been in the undisputed actual, adverse possession and use of the street under known and visible lines and boundaries for nearly half a century. Ordinarily continuous, adverse use for over twenty years is sufficient to give title. As against an individual there would be no question as to the rights of the town of Kernersville. S.v. Fisher, 117 N.C. 733; Durham v. Wright, 190 N.C. 568; Weaver v.Pitts, 191 N.C. 747; Grant v. Power Co., ante, 617.
But C. S., 434, is as follows: "No railroad, plank road, turnpike or canal company may be barred of, or presumed to have conveyed, any real estate, right of way, easement, leasehold, or other interest in the soil which has been condemned, or otherwise obtained for its use, as a right of way, depot, stationhouse or place of landing, by any statute of limitation or by occupation of the same by any person whatever." See R. R. v.McCaskill, 94 N.C. 746; Purifoy v. R. R., 108 N.C. 100, 105; Bass v.Navigation Co., 111 N.C. 439; R. R. v. Olive, 142 N.C. 257; Griffith v.R. R., 191 N.C. 84; Wearn v. R. R., 191 N.C. 575; Dowling v. R. R.,194 N.C. 488; Heaton v. Kilpatrick, 195 N.C. 708.
The railroad contends that under the above statute and the decisions of this Court that in no legal way did the town of Kernersville acquire the street in controversy, and the statute of limitation does not run against the railroad, and also cities Muse v. R. R., 149 N.C. 443. We do not interpret the statute and decisions to that effect. Where the right *Page 760 
of eminent domain is given to towns, cities and public agencies for public purposes, if the contention by the railroad is correct, in many instances the result would be to "bottle up" not only the towns and cities of the State, but the highway systems of the counties and State. The right of eminent domain to condemn property for streets and highways, upon the payment of just compensation, is given in numerous town and city charters and the general law. If a railroad refuses to sell its land or right of way, although not needed for railroad purposes, and the public agencies could not condemn, this would tend to destroy progress and public convenience. It is a matter of common knowledge that public streets and highways run over and under railroads and along the side of railroads on and over their rights of way, these streets and highways being often hard-surfaced. Under the right of eminent domain given to towns and cities in their charter and in the general law, and to road-governing bodies, condemnation can be resorted to in reason. Even under certain circumstances a railroad can be compelled to build an underpass for the protection of the public. Durham v. R. R., 185 N.C. 240, 266 U.S. p. 178.
From the record we think there was sufficient evidence for the court below to find that the locus in quo was one of the streets opened after the adoption of the resolution of the town of Kernersville in 1877. It was maintained as a public street of the town and worked by the city forces and used by the citizens of the town adversely and continuously for nearly fifty years — the presumption is that it was regularly condemned and just compensation awarded to the railroad. The fact that the resolution of the board was to the effect that the street be 45 feet from the railroad center and the street is almost wholly within the right of way, and the part assessed is entirely within the right of way, is immaterial.
In Hair v. Downing, 96 N.C. at p. 176, it is said: "Where the terms of a grant are general or indefinite, so that its construction is uncertain and ambiguous, the acts of the parties contemporaneous with the grant, giving a practical construction to it, shall be deemed to be a just exposition of the intent of the parties. Ang. Water Courses, sec. 363, and cases cited in note 1, and among them Jonnison v. Walker, 11 Gray, 426; andWoodcock v. Estey, 43 Verm., 522." Blankenship v. Dowtin, 191 N.C. at p. 795. To the same effect is Wearn v. R. R., supra, and S. v. Bank,193 N.C. 524. The present locus in quo has been known as "Railroad Street," and has been worked by the city forces and used by the citizens of the town continuously and recognized by the railroad as a city street, for nearly a half century. The acts of the parties contemporaneous with the taking possession is evidence that it was regularly *Page 761 
condemned and located for street purposes. The interpretation the parties put on the transaction will ordinarily be followed.
The street, as we construe the law upon the finding of facts, was properly condemned and abuts on the railroad's property right of way. In Elliott on Railroads, sec. 786, it is said: "There is a conflict in the adjudicated cases as to whether or not the right of way of a railroad company is subject to local assessment. The question has been discussed in a great number of instances and different conclusions reached in apparently similar cases. The latest authorities on the subject, however, recognize what we believe to be the true rule, and that is, that where the right of way receives a benefit from the improvements for which the assessment is levied, and there is no statute exempting the railroad company from local assessments in clear and unequivocal terms it is subject to assessment."Commissioners v. R. R., 133 N.C. at p. 218; Kinston v. R. R., 183 N.C. 14;Gunter v. Sanford, 186 N.C. 452; Town of Mt. Olive v. R. R., 188 N.C. 332;R. R. v. Sanford, 193 N.C. 340; Waxhaw v. R. R., 195 N.C. 550.
In R. R. v. Ahoskie, 192 N.C. p. 258, it is held that under the provisions of the statute, it is necessary that there be an existing street in order for a valid assessment for improvements to be laid on the property of abutting owner. In the present case, "Railroad Street" is an existing street for the reasons stated.
It is found as a fact: "That Southern Railway Company had due notice of the intention of the authorities to improve said Railroad Street by making local improvements thereon, prior to the commencement of said work, and also had due notice that the authorities of the town considered said street a public street, and Southern Railway Company made no protest and filed no objection to the making of the improvement only until after the work was done and the assessment roll prepared."
This finding is fully sustained by the evidence. The following letter appears in the record: "Southern Railway System, Operating Department, Winston-Salem, N.C. 18 April, 1925. Mr. S. F. Vance, Mayor, Town of Kernersville, Kernersville, N.C. Dear Sir: I understand the town of Kernersville proposes to have (pave) Railroad Street from Main Street to Cherry Street, a distance of 350 feet, and 20 feet wide. Won't you kindly advise how long this street has been open, and for what distance? Please furnish me the three certified copies of ordinance passed by the town council authorizing the city to do this work. Also advise for what portion of this expense we will be assessed, whether the assessment can be paid in installments, the amount of each installment and date due, and if the ordinance imposes a penalty, and effective date of such penalty. Kindly let me have above information at once, and as soon as paving is *Page 762 completed, furnish me bills in triplicate to cover. Your early attention to this will be appreciated. Yours respectfully, J. S. Bergman, Supt."
It would be a peculiar anomaly for the railroad company, knowing that the improvements were being made, its superintendent with full knowledge recognizing "Railroad Street" and writes "as soon as paving is completed, furnish me bill in triplicate to cover," now to claim that they are the owners of the street paved at the expense of the town.
Even against a trespasser, it is said in R. R. v. McCaskill, 94 N.C. at p. 754: "Mere silence while a trespasser is improving real estate as if it were his own, while it may sustain a claim for the value of such improvements made in good faith, cannot be allowed to transfer the property itself to the usurping occupant."
In Sugg v. Credit Corporation, ante, at p. 99, speaking to the subject, it is stated: "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, inequity and good conscience, he would have them do unto him, if their positions were reversed. Boddie v. Bond,154 N.C. 359, 70 S.E. 824; 10 R. C. L., 688, et seq. Its compulsion is one of fair play." Charlotte v. Alexander, 173 N.C. at p. 519-20.
Charlotte v. Brown, 165 N.C. 435, is not in conflict with position here taken. In that case, at p. 437-8, it is said: "The excess of 20 per cent of the assessment being void (italics ours), under the charter of the plaintiff, the defendant may enjoin the collection of the excess." Flowersv. Charlotte, 195 N.C. 599. Nor is The Delaware, Lackawanna, etc., R. R.v. Town of Morristown, 276 U.S. 182, 72 Law Ed., 523. For the reasons given, the judgment below is
Affirmed.