TOWN OF WAKE FOREST v. HARVEY HOLDING, ADMINISTRATOR OF THE ESTATE OF T. E. HOLDING, DECEASED.

(Filed 2 May, 1934.)

**Municipal Corporations G d—Irregularities in paving assessments held waived by accepting benefits and paying installments without objection.**

A property owner signed a petition for public improvements adjacent to his property, and paid two installments of the assessments levied against his property by the town. Upon his death his administrator resisted payment of further installments on the ground that the assessments were void for the reason that the town failed to give notice and hold the hearing required by N. C. Code, 2712, 2713: *Held,* the property owner signed the petition and had notice that the improvements were to be made, and had notice that the assessment roll giving the amount of the assessment against his property, was filed in the office of the city clerk, it being required by statute that it be so filed, N. C. Code, 2713, and by accepting the benefits and paying installments of the assessment without objection, N. C. Code, 2714, he ratified same, the assessment as to him being voidable and not void, and his administrator in his fiduciary capacity is estopped to deny the validity of the assessments.

APPEAL by plaintiff from *Harris, J.,* at January Special Term, 1934, of WAKE. Reversed.

The judgment of the court below is as follows: "This cause coming on to be heard and being heard before his Honor, W. C. Harris, judge, upon the following agreed statement of facts: 'That during the year 1924, the town of Wake Forest caused to be made certain improvements in said town, said improvements, consisting of the construction of side-

walks, paving, etc., on White, Waitt and Jones streets, located in said town of Wake Forest, and attempted to assess against the abutting owners thereof special assessments to pay for said improvements; that said improvements were made and done under and by virtue of the provisions of chapter 56, Public Laws of 1915; that all the acts and things done by the authorities of the town of Wake Forest in connection with said improvements, were in all respects regular and according to law, except that there was no publication of notice as required by sections 2712 and 2713, of The Code of 1931, nor was any meeting held by the board of commissioners of the town of Wake Forest for the purpose of hearing objections, as required by sections 2712 and 2713 of said Code; the minutes of the board of commissioners of the town show the following under date of 6 July, 1925: The following resolution was adopted: Be it resolved by the board of commissioners of the town of Wake Forest: Section 1. That the assessments for street improvements, as submitted by the town engineer be and are hereby approved and confirmed as of 1 July, 1925. Section 2. That the first installment of said assessment shall be as of 1 July, 1925, and paid by 1 September, 1925, and all subsequent installments shall be due on 1 July, of each succeeding year. Section 3. That the interest on said assessments shall run from 1 July, 1925. T. E. Holding signed the petition requesting the local improvements and paid two of the assessments levied, to wit: Assessments for 1925 and 1926.

After argument, the court finds as a matter of law: That the failure on the part of the town of Wake Forest to give the notice and hold the hearing required by sections 2712 and 2713, of The Code of 1931, rendered null and void the said attempted assessments, and no lien upon the lands of T. E. Holding for the payment thereof attached to the lands of T. E. Holding. And further that the action of the board of commissioners of 6 July, 1925, does not amount to a proper and valid confirmation of the said assessments as required by section 2713, of Code of 1931. It is therefore, upon motion of counsel for the defendant, ordered, adjudged and decreed: (1) That the special assessments on White, Waitt and Jones streets, against the lands of T. E. Holding's estate, be and the same are hereby declared null and void and of no effect. (2) That defendant go hence without day and recover his cost in this action."

The only exception and assignment of error made by plaintiff is to the judgment as signed.

*Wilson & Green and Morehead & Murdock, for plaintiff.*
*John G. Mills, Jr., and Clem B. Holding for defendant.*

CLARKSON, J. The court below on the admitted facts, found as a matter of law: "That the failure on the part of the town of Wake Forest to give the notice and hold the hearing required by sections 2712 and 2713, of the Code of 1931, rendered null and void the said attempted assessments, and no lien upon the lands of T. E. Holding for the payment thereof attached to the lands of T. E. Holding."

We think, under the facts and circumstances of this case, there was error in the holding of the court below. Code of 1931 (Michie), sec. 2712, reads as follows: "Immediately after such assessment roll has been completed, the governing body shall cause it to be deposited in the office of the clerk of the municipality for inspection by parties interested, and shall cause to be published, a notice of the completion of the assessment roll, setting forth a description in general terms of the local improvement, and the time fixed for the meeting of the governing body for the hearing of allegations and objections in respect to the special assessment, such meeting not to be earlier then ten days from the first publication or posting of said notice. Any number of assessment rolls may be included in one notice."

Section 2713, reads: "At the time appointed for that purpose, or at some other time to which it may adjourn, the governing body, or a committee thereof, must hear the allegations and objections of all persons interested, who appear and may make proof in relation thereto. The governing body may thereupon correct such assessment roll, and either confirm the same or may set it aside, and provide for a new assessment. Whenever the governing body shall confirm an assessment for a local improvement, the clerk of the municipality shall enter on the minutes of the governing body the date, hour, and minute of such confirmation, and from the time of such confirmation the assessments embraced in the assessment roll shall be a lien on the real property against which the same are assessed, superior to all other liens and encumbrances. After the roll is confirmed a copy of the same must be delivered to the tax collector or other officer charged with the duty of collecting taxes."

Section 2714, gives the right to appeal to the Superior Court when the person assessed is dissatisfied "with the amount of the charge."

Notice and an opportunity to be heard is a fundamental principle in our jurisprudence too well settled to need citation of authorities. The record discloses that "T. E. Holding signed the petition requesting the local improvements and paid two of the assessments, levied to wit, assessments for 1925 and 1926." He signed the petition and had notice that the improvement was to be made under the statute; the assessment roll when completed "the governing body shall cause it to be deposited in the office of the clerk of the municipality for inspection by parties in-

terested." The statute gave him notice that the assessment roll was filed and he could inspect it. It is further in evidence, from the record, that for nine years and during his lifetime, he made no protest as to the amount of the assessments. The defendant administrator of the estate, acting in a fiduciary capacity, attacks the assessments, and in this we see no criticism. T. E. Holding, by signing the petition, had notice of the local improvement being made, stood by and saw it going on under his request and made no protest. He received the benefits. It is contended that he had no notice or hearing on the amount the plaintiff governing body assessed against his property. It is presumed that the assessment roll was filed in the office of the clerk of the municipality for inspection and the statute gave him notice that it was there and the amount assessed. There were 10 assessments of equal amount running from 1 July, 1925. He paid the assessments of 1925 and 1926. Under the facts and circumstances of this case, the proceeding as to him, was not void, but voidable and by his acts and conduct, and in making the payments, he ratified the assessment.

In *Charlotte v. Alexander,* 173 N. C., 515 (519), it is said: "There is no valid reason why citizens who wish to have their property improved by street paving may not expressly waive the charter restrictions and contract with the city to pay the actual cost. There is nothing against public policy in such agreement. On the contrary, it conduces to the general improvement of the municipality. When such contracts are entered into with full knowledge by the property owner, the law will not permit him to repudiate it after the work is done and he has received the benefits. This principle is approved by numerous authorities." *In the Matter of Assessment Against R. R.,* 196 N. C., 756; *Carpenter v. Maiden,* 204 N. C., 114. T. E. Holding could expressly waive the provisions of the statute if he had any objection as to the amount of the assessment, and ratify same by acts and conduct as was done in this case.

In *Sugg v. Credit Corporation,* 196 N. C., 97 (99), speaking to the subject: "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. *Boddie v. Bond,* 154 N. C., 359, 70 S. E., 824; 10 R. C. L., 688, etc." For the reasons given, the judgment of the court below is

Reversed.