CITY OF HIGH POINT, A MUNICIPAL CORPORATION, v. C. E. BROWN, C. E. DIFFENDALE AND WIFE, LIDA D. DIFFENDALE, R. G. HENDRIX AND WIFE, MATTIE HENDRIX, ET AL.

(Filed 20 June, 1934.)

1. **Municipal Corporations G d—Purchaser of land with statutory lien for street assessments held not entitled to attack assessment.**

A levy of assessments against the land in question was made after notice to the owner as required by statute, and the owner took no appeal therefrom. Thereafter the owner sold the land to defendant who seeks to attack the validity of the assessment in an action by the city to enforce same. *Held*, the assessments constituted a lien against the land itself, and the purchaser took the land *cum onere*, and the assessments not being void, the purchaser has no legal status to attack the assessments for irregularities.

2. **Same—**

The presumption is in favor of the validity of proceedings under which assessments against property for public improvements are made.

HIGH POINT *v.* BROWN.

**3. Same—**

Where a party has no legal status to attack the validity of assessments for public improvements against property purchased by him, the exclusion of testimony offered by him to attack the validity of the petition and assessment roll is proper.

**4. Same: Courts B b: Constitutional Law E b—Municipal Court of City of High Point has jurisdiction of action to enforce street assessments.**

The municipal court of the city of High Point is given jurisdiction of actions to enforce assessments for public improvements against property situated within the city by chapter 150, Public-Local Laws of 1933, and chapter 132, Public-Local Laws of 1933, repealing the provisions of chapter 131, Public-Local Laws of 1931, that such actions should be instituted in the Superior Court, and the change of the procedure for enforcing the assessments is constitutional, there being no vested right in procedure for the enforcement or defense of rights.

APPEAL by the defendant, R. G. Hendrix, from *Clement, J.,* at 16 April Term, 1934, of GUILFORD. Affirmed.

The action was to enforce a street assessment lien tried before Lewis E. Teague, judge presiding at the regular March Term, 1934, of the High Point Municipal Court, a jury trial having been waived. The findings of fact and the opinion are some twelve pages of the record and we may say, show an infinite capacity for painstaking. The concluding part of the opinion is as follows: "The court being of the opinion that section 9, chapter 56, Public Laws of 1915, as amended, imposed upon the defendants the duty, if dissatisfied with the assessment levied against their property, to give notice of appeal within ten days after the confirmation of the assessment roll, to the Superior Court as provided in said section 9, chapter 56, Public Laws of 1915, as amended, and not by the defense as set out in the answer of the defendant, H. G. Hendrix, in the case at bar; the court likewise being of the opinion that if there were any irregularities in the levying of the assessment against the property of the defendant, R. G. Hendrix, that such irregularities were cured and validated by the curative acts as set forth in the facts found by the court; and the court also being of the opinion that the High Point Municipal Court has jurisdiction over the subject-matter of this action and the person of the defendants; therefore, it is ordered and adjudged by the court that the plaintiff, city of High Point, has a lien against the property hereinafter described, for the sum of $727.77, with interest thereon from 1 July, 1931, and all costs in connection with this action, superior to all other liens and encumbrances against the property which may now or hereafter exist; that the High Point Municipal Court has jurisdiction of the subject-matter of this action and over the person of the defendants; that the property which is the subject of this lien

and against which this judgment is described is as follows: Lot 50 of the plat of College Terrace, recorded in Plat Book 6, page 131, register of deeds office, Guilford County, North Carolina."

An appeal was taken by defendant, R. G. Hendrix, from the judgment of the High Point Municipal Court to the Superior Court. The judgment of the court below is as follows: "This cause coming on to be heard, and being heard before his Honor, John H. Clement, judge presiding at the 16 April Term of Guilford County Superior Court, upon an appeal from the High Point Municipal Court, therefore: It is considered, ordered and adjudged that the judgment of the High Point Municipal Court be, and the same is hereby affirmed. This 18 April, 1934.                J. H. CLEMENT, *Judge Presiding.*"

The defendant, R. G. Hendrix, made several exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Grover H. Jones for plaintiff, City of High Point.*
*Walser & Casey for defendant, R. G. Hendrix.*

CLARKSON, J. The appealing defendant, R. G. Hendrix, at the close of plaintiff's evidence and at the close of all the evidence made motions in the High Point Municipal Court, for judgment as in case of nonsuit. C. S., 567. The High Point Municipal Court overruled these motions and the court below sustained these rulings and in this we can see no error.

A finding of fact is as follows: "That the defendants, C. E. Diffendale and wife, Lida D. Diffendale, were the owners of the land hereinafter described at the time of the making of the said local improvement on Montlieu Avenue; that subsequent to the completion of the said improvement and on, 3 October, 1928, the defendants, R. G. Hendrix and wife, Mattie Hendrix, purchased the said land from the defendants, C. E. Diffendale and wife, Lida D. Diffendale; that the defendant, Mattie Hendrix, has died since the institution of this action and the defendant, R. G. Hendrix, is the sole owner of the said property; that the said property herein referred to is in the city limits of the city of High Point abutting 150 feet on the west side of Montlieu Avenue between Circle Drive and the city limits of said city, which may be described with more particularity as follows: Lot 50 of the plat of College Terrace, recorded in plat Book 6, page 131, register of deeds office, Guilford County, North Carolina."

In *Statesville v. Jenkins,* 199 N. C., 159 (163), is the following: "An assessment made upon adjoining land for a street improvement by a

town is a charge upon the land constituting a lien superior to all others, C. S., 2713, and not enforceable against the personalty or other lands of the owner, and when the owner of land has been thus assessed, payable in installments, C. S., 2716, and he subsequently dies, it is not a debt of the deceased payable by his personal representative, but a charge against the land itself. The provisions of C. S., 93, as to the order of payment of debts of the deceased has no application. *Carawan v. Barnett,* 197 N. C., p. 511. The rights of the plaintiff are governed by the statute which makes the assessment."

The record discloses that the street assessment was against the property of C. E. Diffedel (Diffendale): "Montlieu Avenue—C. E. Diffedel; paving frontage, 150; cost per foot, $2.49; paving assessment, $373.50; curb assessment, $135.00; driveway assessment, . .... ; total, $508.50; engineering interest and incidentals, $25.43; total assessment, $533.93."

The record also discloses that notice was given: "You are hereby notified that the paving assessments have been computed for the local improvement on Montlieu Avenue and the assessment roll has, by order of the city council, been deposited in the office of the city manager in the city hall for inspection of abutting property owners and interested parties until Tuesday, 5 July, 1927, at 8:00 p.m., when the city council will meet at the municipal building for the purpose of hearing allegations concerning same."

Diffendale took no appeal from this assessment. He had notice, it became a statutory lien upon the property for the street assessment, a judgment *in rem. High Point v. Clinard,* 204 N. C., 149 (151). If dissatisfied with the street assessment, Diffendale should have appealed. *Vester v. Nashville,* 190 N. C., 265; *Wake Forest v. Holding, ante,* 425.

The presumption is in favor of the regularity of proceedings under which public improvements authorized by the General Assembly have been made. *Gallimore v. Thomasville,* 191 N. C., 648. The appealing defendant, R. G. Hendrix, when he purchased the property, there was a statutory lien on it, for the street assessment, and he took it *cum onere.* The assessment was not void as in *Charlotte v. Brown,* 165 N. C., 435, and like cases. This appealing defendant has no legal status to attack this assessment, it is *res judicata.* The defendant tendered to the court a witness, S. O. Schaub, who owned property in the same assessment district, for the purpose of attacking the petition and the assessment roll. This evidence was excluded and properly so. If there was any irregularity it was for the owner, Diffendale, to object ·and appeal, but in not doing so, the street assessment was binding on him and the appealing defendant, the subsequent purchaser of the lot.

Another contention presented by the appealing defendant is to the effect that this action cannot be prosecuted in the High Point Municipal Court. This contention cannot be sustained.

Chapter 150, Public-Local Laws, 1933, entitled "An act to amend chapter 131, Public-Local Laws, 1931, relating to special assessments levied by the city of High Point," validated and confirmed the bringing of this action in the High Point Municipal Court and repealed that portion of chapter 131, Public-Local Laws of 1931, providing that it should be the duty of the city council to cause actions to be instituted in the Superior Court. Thus eliminating any question of the right of the plaintiff to try this action in the High Point Municipal Court. Also by chapter 132, Public-Local Laws, 1933, entitled, "An act to amend chapter 569, Public-Local Laws of 1931, as amended relating to the municipal court of the city of High Point," likewise validates the bringing of this action in the High Point Municipal Court. Plaintiff contends that the Legislature of 1933 had a right to validate the bringing of this action in the High Point Municipal Court, citing *Sumner v. Miller,* 64 N. C., 688; *Bost v. Cabarrus County,* 152 N. C., 531; *Waddill v. Masten,* 172 N. C., 582; *Gallimore v. Thomasville,* 191 N. C., 648. We think the contention correct.

In *Martin v. Vanlaningham,* 189 N. C., 656 (658), the principle is laid down as follows: " 'No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights, where a new statute deals with procedure only, prima facie it applies to all actions—those which have accrued or are pending, and future actions.' 2 Lewis' Edition Southerland Statutory Construction, p. 1226." *Bateman v. Sterrett,* 201 N. C., 59 (61). For the reasons given, the judgment of the court below is

Affirmed.