CITY OF HIGH POINT (A MUNICIPAL CORPORATION) v. S. C. CLARK AND WIFE, DAISY O. CLARK.

(Filed 19 May, 1937.)

1. **Municipal Corporations § 33—Party petitioning for public improvements and accepting benefits held estopped to attack assessments.**

The owners of land, in developing same for residential purposes, plotted streets for the development and dedicated them to the city, filed petition for improvement of the streets with total cost to be assessed against the abutting property, and in proceedings in substantial conformity with C. S., ch. 56, Art. 9, the city levied assessments and made the improvements. The owners listed the land for taxation by the city, did not appeal from confirmation of the assessment role, and both the owners and the city thought the land lay within the city limits, until a survey some years after the confirmation of the assessment role disclosed that one of the streets ran outside of and parallel to the city limit. *Held:* The owners of the land, by petitioning for the improvements and accepting the benefits thereof are estopped to deny the validity of the assessments, the paving of the street outside the city limits not being *ultra vires* the city.

**2. Municipal Corporations § 30—City held to have power to pave street acquired by it by dedication, although street was outside city limits.**

Since C. S., 2791, empowers a city to purchase land for establishing or widening necessary streets either "within or outside the city," and to control and manage same, a city acquiring by dedication a street lying just outside its limits and connected with the streets within its limits, has the power to pave such street so acquired by it, and its paving of the street upon petition of the owners of abutting property is not *ultra vires* the city.

**3. Municipal Corporations § 35—**

The General Assembly has the power by curative act to validate assessments for public improvements levied by a municipal corporation when the levy of the assessments is not void or *ultra vires* the city.

APPEAL by defendants from *Armstrong, J.*, 19 April, 1937. From GUILFORD. Affirmed.

This is a submission of controversy without action, C. S., 626-628. This controversy without action is brought by plaintiff against defendants to determine the validity of certain street assessments levied by the city of High Point against certain property belonging to the defendants. The agreed case is fully set out in the record with the contentions of plaintiff and defendants. The material facts to be considered are as follows:

On or about 16 November, 1925, and for some time prior thereto, the defendants S. C. Clark and wife, Daisy O. Clark, were the owners of a large number of acres of land in the western portion of the city of High Point. Some time prior to 16 November, 1925, they had this acreage platted into an exclusive residential development of said city, known as Emerywood Addition No. 6. While they were the owners of all the lots on each side of Forest Hill Drive, Greenway Drive, and other streets as laid out upon the plat of Emerywood Addition No. 6, they prepared and executed a petition pursuant to chapter 56, Public Laws of 1915, as amended, petitioning the city of High Point to pave Forest Hill Drive between Greenway Drive and Hillcrest Drive, a part of which is just outside of the western boundary line of the city and almost parallel thereto. This petition was dated 16 November, 1925. It appears in the agreed case "That in platting said acreage into residential lots, Forest Hill Drive, Greenway Drive, and other streets, as shown on said map, were laid out and dedicated to the city of High Point."

Pursuant to the filing and consideration of said petition, all the procedure and steps required by said chapter 56, Public Laws of 1915, as amended, were substantially complied with, the street paved, the assessment roll made up and confirmed on 21 September, 1926, by the council of the city of High Point, after due notice as required by chapter 56,

Public Laws of 1915, as amended, and levies of assessment made against each of the lots in said plat of Emerywood Addition No. 6.

The defendants defaulted in the payment of the installments on the assessment levied against the land in question that became due prior to 1 July, 1931. In January, 1931, a careful survey of the western boundary of the city of High Point was made, which disclosed that a small portion of the property platted into streets and lots by the defendants was just outside of the corporate boundary line of the city. Until this survey was made, neither the city nor the defendants knew that the land in question was outside of the city. Not only did the defendants and the city consider that the entire tract of land platted by the defendants as Emerywood Addition No. 6 was inside the corporate limits of the city, but the defendants listed said tract of land and said Lot No. 1 in question as being within the city and subject to general taxation by the city.

After the city discovered that a portion of the real estate development known as Emerywood Addition No. 6, which includes the land in question, was just beyond its boundary, it got the Legislature to pass chapter 131 of Private Laws of 1931, authorizing the city to reassess the assessment in question over a new ten-year period, so that the first installment under the reassessment plan would become due 1 October, 1931. Acting pursuant to the provisions of chapter 131, Private Laws of 1931, the council of the city of High Point reassessed the assessment in question. Chapter 131 of the Private Laws of 1931 likewise validated the assessment in question. At the 1933 session of the Legislature, the city got the Legislature to pass chapter 150, Private Laws 1933, validating the reassessment plan of the assessment in question as made by the council of the city pursuant to the provisions of chapter 131, Private Laws of 1931.

The land in question still belongs to the defendants S. C. Clark and wife, Daisy O. Clark, and the defendants have failed and neglected to pay the installments which became due on the assessment on the reassessment plan.

On the agreed case, the court below rendered judgment for plaintiff. The defendants excepted to the judgment as signed and appealed to the Supreme Court. Other necessary facts will be set forth in the opinion.

*Grover H. Jones for plaintiff.*
*C. R. McIver, Jr., for defendants.*

CLARKSON, J. The main question presented on this appeal: Could the city of High Point levy a benefit assessment against land abutting on the portion of a street owned and dedicated to the city of High Point

20—211

as a part of its street system and lying beyond the corporate limits of such city, said street connecting with streets inside the corporate limits, on account of the paving of the portion of such street lying beyond its corporate limits where such abutting property owner signed a petition in which petition he represented to the city that his abutting land was within corporate limits of the city; and where neither the city nor such abutting landowners knew, until some years after the confirmation of the assessment roll, that his land so assessed was beyond the corporate limits of the city, he returning same for taxes; and where such abutting landowner failed to appeal from the confirmation of the assessment roll as required by section 2714, C. S.? We think so, under the facts and circumstances of this case.

In the record is the following part of the agreed case:

"1. The above named city of High Point is a municipal corporation, duly incorporated under the laws of the State of North Carolina, and as such municipal corporation it is authorized by law to pave its streets and to make benefit assessments against the property abutting thereon for the cost of such improvement, and is hereinafter called the plaintiff.

"2. That the above named S. C. Clark and wife, Daisy O. Clark, hereinafter called the defendants, are citizens and residents and taxpayers of the city of High Point, N. C.

"3. The defendant S. C. Clark was the owner of a number of acres of land, most of which was in the western portion of the city of High Point, and the said S. C. Clark platted this acreage into an exclusive residential subdivision known as Emerywood Addition No. 6, map of which is recorded in Plat Book 8, at page 37, register of deeds' office of Guilford County, N. C.; that the map of said subdivision known as Emerywood Addition No. 6 was submitted to and approved by the governing body of the city of High Point, to wit: The council of said city, prior to the time that the said map was filed in the office of the register of deeds of Guilford County; *that in platting said acreage into residential lots, Forest Hill Drive, Greenway Drive, and other streets as shown on said map were laid out* and dedicated to the city of High Point." (Italics ours.)

C. S., 2791, in part, is as follows: "When in the opinion of the governing body of any city, or other board, commission, or department of the government of such city having and exercising or desiring to have and exercise the management and control of the streets, . . . which are or may by law be owned and operated or hereafter acquired by such city . . . on behalf and for the benefit of such city, any land, right of way, . . . privilege, or easement, either within or outside the city, shall be necessary for the purpose of opening, establishing, building, widening, extending, enlarging, maintaining, or operating any such

streets, . . . such governing body, board, commission, or department of government of such city may purchase such land, right of way, . . . privilege, or easement from the owner or owners thereof and pay such compensation therefor as may be agreed upon."

In the present case the streets outside the city were dedicated to the city and there was no necessity to purchase same, though the statute gave the power to acquire same. The plaintiff and defendants were both of the opinion that the *locus in quo* was in the city of High Point, and defendants listed and paid general tax on said property to the city of High Point. The defendants wanted the street paved and, in the manner provided by law, petitioned the mayor and city council of High Point to pave same, viz.: "Do hereby respectfully petition your Honorable Body to improve Hillcrest Drive west from Hillcrest Drive to Emery Street and Forest Hill Drive from Greenway Drive to Hillcrest Drive, a total distance of approximately 3,000 feet, with a permanent pavement of a character, type, and material to be determined by your Honorable Body, including the necessary grading or regrading of said part of said street, and the construction, reconstruction, and altering of curbs, gutters, and drains therein. We further respectfully request that 100 per cent of the total cost of said improvement, including cash for cost of all street intersections in advance, be specially assessed upon the lots and parcels of land abutting directly on the improvement, according to their respective frontage thereon by an equal rate per foot of such frontage. This petition is signed and filed under section 5 of chapter 56 of the Public Laws of 1915 of North Carolina. Witness our respective hands with a statement of our approximate frontages respectively on the portion of such street proposed to be improved. Dated 16 November, 1925. Signatures of Owners—S. C. Clark, S. C. Clark. Approximate frontage 3000-3000."

In accordance with the petition and statutes, the improvement was made and assessment levied. The record discloses: "The defendants did not register any objection to the confirmation by the council of the city of High Point of the assessment roll, and did not take an appeal from the confirmation of the assessment roll."

Under the statute, C. S., 2791, *supra,* the plaintiff had the right to acquire these streets and in the present case they were laid out and dedicated to the plaintiff. The plaintiff had the "management and control" of the streets like any other streets of plaintiff city. The defendants, in no uncertain language, petitioned that they be improved. We think, under the factual situation of this case, that defendants are estopped to repudiate their solemn petition, acted on by plaintiff, and which defendants are now receiving the benefits to enhance the value of their property by having the streets paved.

In *Charlotte v. Alexander,* 173 N. C., 515 (519-20), is the following: "There is no valid reason why citizens who wish to have their property improved by street paving may not expressly waive the charter restriction and contract with the city to pay the actual cost. There is nothing against public policy in such agreement. On the contrary, it conduces to the general improvement of the municipality. When such contracts are entered into with full knowledge by the property owner the law will not permit him to repudiate it after the work is done and he has received the benefits. This principle is approved by numerous authorities. . . . In *McKnight v. Pittsburgh,* 91 Pa. State, 273-6, the Court said: 'The appellant made no objection to the grade or to the work as it progressed. The work was undertaken at her instance, among others, and for the benefit of her property, and her agents aided the contractor in hauling and furnishing material. *Held,* that she was estopped from controverting the acts of the city and its contractor, even though the contract under which the grading was done was void for want of power of a city to execute it.' In our opinion, it is both good morals and sound law to hold that when a person has accepted the benefits of a contract, not *contra bonos mores,* he is estopped to question the validity of it."

*In the Matter of Assessment Against Railroad,* 196 N. C., 756; *Jones v. Durham,* 197 N. C., 127; *Efird v. Winston-Salem,* 199 N. C., 33; *Wake Forest v. Holding,* 206 N. C., 425.

In Elliott on Roads and Streets, Vol. 2, 4th Ed., sec. 733, it is said, in part: "If the party who assails the assessment has induced the officers to enter upon the work, his complaint should meet with no favor from the courts. Thus, it has been held that one who petitions for the improvement is estopped from claiming that there is no authority to make it, and so generally as to acts caused by or naturally and properly following such petition," etc., citing *Wright v. Davidson,* 181 U. S., 371; *Burlington v. Gilbert,* 31 Iowa, 356 (364); *Ballentine v. City of Columbia, S. C.,* 124 S. E., 643.

The streets in question were dedicated to the plaintiff city of High Point. The statute, *supra,* gave the city the right to acquire streets "within or outside the city," and to "exercise the management and control of the streets," etc. The language is broad enough for the streets so dedicated to the plaintiff city that the city had authority to pave same, as was done in the instant case, under the statutes.

Chapter 131, Private Laws 1931, entitled "An act relating to special assessments levied by the city of High Point," validated and confirmed the special assessment referred to in the pleadings in this action and authorized the council of said city to make a reassessment thereof, which reassessment was made as of 1 July, 1931. Chapter 150, Private Laws 1933, entitled "An act to amend chapter 131 of the Private Laws of

1931, relating to special assessments levied by the city of High Point," likewise validated and confirmed the reassessment of the assessment made by resolution of the city council of the city of High Point pursuant to the provisions of chapter 131, Private Laws of 1931, and thus validated and confirmed the reassessment of the particular street assessment referred to in the pleadings in this action. It has been repeatedly held by our Court that such acts have the effect of validating benefit assessments. *Holton v. Mocksville,* 189 N. C., 144; *Gallimore v. Thomasville,* 191 N. C., 648; *Barbour v. Wake County,* 197 N. C., 314; *Crutchfield v. Thomasville,* 205 N. C., 709; *High Point v. Brown,* 206 N. C., 664.

From the view we take of the agreed case, we see nothing in the contentions of defendant that the matter was *ultra vires.* *Union Indemnity Co. v. Perry,* 198 N. C., 286; *Realty Co. v. Charlotte,* 198 N. C., 564.

The agreed case is lengthy and the able briefs, *pro* and *con,* set forth fully the contentions of the litigants. We do not think that any of the contentions of defendants can be sustained. The defendants were of full age, *sui juris,* signed the petition for the improvement; the streets were dedicated to the city; defendants returned the land for tax to plaintiff; no appeal from the assessment was made by defendants; they saw the plaintiff making improvements on the streets from which they received the benefit of having paved streets; the General Assembly ratified and approved the improvement. The defendants must "keep the whiteness of their souls" and pay for the assessment.

For the reasons given, the judgment of the court below is

Affirmed.