TOWN OF WAKE FOREST v. N. Y. GULLEY, MEREDITH COLLEGE, J. S.
STELL, TRUSTEE FOR V. ROYSTER, CLERK SUPERIOR COURT OF WAKE
COUNTY, AND E. LLOYD TILLEY, CLERK SUPERIOR COURT OF WAKE
COUNTY.

(Filed 4 May, 1938.)

**1. Municipal Corporations § 33—Owner signing petition and paying installments without objection waives right to correction of assessments.**

The trial court approved the findings of fact of the referee, supported by competent evidence, that defendant property owner signed a petition for public improvements, paid two installments on his assessments without objection, although the assessment roll was properly filed and open to inspection, which would have disclosed all items of the paving charges, C. S., 2712, 2713, and failed to avail himself of the statutory remedy for review and correction of the assessments, C. S., 2714. *Held:* In an action by the municipality to enforce the liens, instituted some eight years after the assessments were made, the findings support the judgment that defendant was estopped to assert that there were errors in the assessments for that certain items were improperly included in the paving charges.

**2. Appeal and Error § 37e—**

The findings of fact of the trial court in affirming the report of the referee are conclusive on appeal when supported by evidence.

**3. Municipal Corporations § 34—**

Where judgment is rendered in favor of a municipality in its suit to enforce liens for public improvements, the court in its discretion, in the exercise of its equitable jurisdiction, should give the property owner a reasonable time to pay the assessments and prevent a sale of his property.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by N. Y. Gulley from *Harris, J.,* at Second October Term, 1937, of WAKE. Modified and affirmed.

This is an action brought by plaintiff against the defendant N. Y. Gulley to recover the sum of $1,019.37, and interest, for street and sidewalk paving in the town of Wake Forest. The plaintiff alleges "There has been paid by the defendant N. Y. Gulley on said assessment on this property the following amounts: 28 November, 1925, $119.10; 6 March, 1928, $200.00; leaving a balance due on 6 March, 1928, of $1,019.37, with six per cent interest thereon from 6 March, 1928, till paid."

Defendant in his answer alleges "That the improvements made on said streets were not made in accordance with any petition filed, and are therefore null and void. . . . Further answering this allegation, defendant denies that plaintiff has any legal right to bring this action in this court to enforce any lien against his land. Wherefore, he prays judgment that he go without day and recover the costs of this action."

The town of Wake Forest, plaintiff in the above styled action, replying to the answer of the defendant N. Y. Gulley, and more particularly to

the further answer and defense of defendants, says: "(1) That the allegations set forth in paragraph 1 of the further answer and defense of the defendants are untrue and the same are therefore denied, that this plaintiff says that the assessments levied against the property of the defendants for street paving, sidewalks, etc., were duly and properly levied under the general laws of the State of North Carolina, and the charter of the town of Wake Forest, and constitute valid, binding and subsisting liens against the property of the defendants, and are now in part past due and unpaid, as set forth in the complaint heretofore filed. (2) Plaintiff says further in replying that it has legal right to bring this action; and further that the defendants were fully cognizant of the making of the local improvements and filed no objection thereto; that they had every opportunity for filing objection, both to the doing of the work and the levying of the assessments, but stood by and allowed the said work to be done, without objection, and not until the present time, eight years after the making of the improvements, have defendants filed any objections or exceptions; that if there were any irregularities in the ordering or making of the improvements, or in the levying of the assessments, which plaintiff denies, defendants, by their failure to file objections or exceptions, and by paying certain of the assessment installments, have waived any such irregularities and are now estopped from setting up and claiming such irregularities as a defense to this action. Plaintiff reaffirms its allegations set forth in its complaint filed herein, and asks that the relief prayed for therein be granted."

N. Y. Gulley in his amended answer sets forth purported errors in the assessment made, indicating same in detail, and alleged: "The account properly stated would be: 'Grading, $60.46; curbstone, $228.80; concrete base, $160.16; asphalt, $129.36; sidewalk, $97.56. Total, $676.34.' This defendant paid: 28 November, 1925, $119.10; 6 March, 1928, $200.00. Wherefore, this defendant prays judgment that the assessment records be corrected so as to make them speak the truth."

Oscar Leach, Esq., was appointed referee in the controversy and his findings of fact and conclusions of law were to the effect that plaintiff recover of defendant the sum of $883.79, with interest from 1 July, 1925. The court below affirmed the report of the referee and ordered that the property be sold, after being advertised for four successive weeks preceding the sale, at noon on Monday, 24 January, 1938, at the courthouse door in Wake County, N. C. Before the referee the defendant N. Y. Gulley contended that the amount due 6 October, 1937, was $538.71, and set forth his contentions in a detailed statement. The defendants duly objected in apt time to the ruling of the court confirming the referee's report, and duly excepted and assigned error to the same. The defendants in apt time duly excepted to the judgment of the court, and to the signing of the same, and appealed to the Supreme Court of North Carolina.

*Little & Wilson for plaintiff.*
*Simms & Simms and N. Y. Gulley, in propria persona, for defendant Gulley.*

CLARKSON, J.   The referee, among other findings of fact, made the following: "The defendant N. Y. Gulley signed the petition requesting that the improvements be made, and made two payments on the amount assessed against his property at the times and in the amounts following: 28 November, 1925, $119.10; 6 March, 1925, $200.00. . . . The defendant N. Y. Gulley made no objection to or protest against the assessment until after this action was commenced, more than eight years after the assessment was made.   However, if there were any errors in the assessment, an examination of the assessment roll before the same was confirmed on 1 July, 1925, or at any time thereafter, would have disclosed such errors, the assessment roll was available for inspection, and the defendants are charged by law with notice of what an examination of the assessment roll would have disclosed.   (C. S., 2712, 2713; *Wake Forest v. Holding,* 206 N. C., 425.)"

In the conclusions of law the referee says: "The referee does not find that there were errors in the assessment against the property of the defendant N. Y. Gulley, as contended by the defendants (that is, that the inclusion in the paving charges of such items as interest, storm drainage, real estate, engineering expenses, legal and miscellaneous expense, were erroneous, and that there was error in allocating the cost of paving the intersections as between the town of Wake Forest and the property owners), but finds as a matter of law that by failing to object and avail themselves of the specific remedy for review and correction of the assessment at the time and in the manner provided by law (C. S., 2714), the defendants waived their right to a review and correction of any errors there may have been in the assessment, and are now estopped to show error in said assessment or to have such error, if any, corrected," citing some 19 authorities to sustain his position.   The plaintiff, in reply to the further answer of defendant, pleaded estoppel.

In *Wake Forest v. Holding,* 206 N. C., 425, the decision is to the effect: "A property owner signed a petition for public improvements adjacent to his property, and paid two installments of the assessments levied against his property by the town.   Upon his death his administrator resisted payment of further installments on the ground that the assessments were void for the reason that the town failed to give notice and hold the hearing required by N. C. Code, 2712, 2713: *Held,* the property owner signed the petition and had notice that the improvements were to be made, and had notice that the assessment roll giving the amount of the assessments against his property was filed in the office of the city clerk, it being required by statute that it be so filed,

N. C. Code, 2713, and by accepting the benefits and paying installments of the assessment without objection, N. C. Code, 2714, he ratified same, the assessment as to him being voidable and not void, and his administrator in his fiduciary capacity is estopped to deny the validity of the assessments." *High Point v. Brown,* 206 N. C., 664 (667); *High Point v. Clark,* 211 N. C., 607 (612).

In *Gurganus v. McLawhorn,* 212 N. C., 397 (411), is the following: "The competent evidence was sufficient for the court below to find the facts set forth in the record and affirm the referee's report. This is binding on this Court if there was sufficient competent evidence to support them. *Dent v. Mica Co.,* 212 N. C., 241 (242)."

In the present case there was sufficient competent evidence to support the finding of facts by the referee.

On the whole record we think the defendant N. Y. Gulley is estopped to set up the defense that he now relies on. *Wake Forest v. Holding, supra.* The record discloses that the judgment was for a quick sale of N. Y. Gulley's home to pay this street and sidewalk paving assessment. The judge of the Superior Court, sitting as a chancellor in equity, under all the facts and circumstances of this case has the power to grant a reasonable time for the defendant N. Y. Gulley to pay the assessment. *Alexander v. Boyd,* 204 N. C., 103. Originally many years of equal yearly payments were given. The court below has the discretion, as was given the chancellor in equity, to temper the law with equity. The judgment below should be so modified as to give to N. Y. Gulley a reasonable time within which to pay the assessments and relieve his home from sale.

Judgment modified and
Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.