METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 4 May, 1938.)

**1. Municipal Corporations § 30—**

> A charter provision that property assessed for permanent improvements should not be again assessed therefor within ten years is a limitation of power which may be waived by property owners.

**2. Vendor and Purchaser § 29—**

> The purchaser of property takes same subject to all liens valid and enforceable against his vendor.

**3. Municipal Corporations § 32—Property owner held to have ratified lien and was estopped to contest its validity.**

The charter of defendant city provided that property assessed for permanent improvements should not be again assessed therefor within ten years. Property at a street intersection was assessed for improvements along one street, and within ten years the owner thereof signed a petition for improvement of the other street, requesting that the costs thereof be assessed against his property as provided by law. The improvements were made and he received the benefits, and thereafter he paid two installments of the assessments. *Held:* The conduct of the owner created more than a personal obligation, and constituted a ratification of the lien against the property for the improvements, and he is estopped to contest the validity of the lien.

**4. Municipal Corporations § 34—Where lien is valid as against owner at time of transfer, it is enforceable against his successor in title.**

Where the owner of property is estopped to contest the existence and validity of a lien against the property for street improvements, a successor in title by foreclosure of a mortgage executed after the assessment was made and put on record, takes title subject to the lien.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Warlick, J.,* at November Term, 1937, of MECKLENBURG. Affirmed.

This is a suit to quiet title under C. S., 1743.

The plaintiff seeks to have canceled of record a purported street assessment lien duly recorded as provided by law against the lands described in the complaint, now owned by the plaintiff, located at the intersection of Kenilworth Avenue and Buchanan Street in the city of Charlotte, to the end that the cloud cast upon plaintiff's title to said land by such purported assessment may be removed.

In 1923 R. N. Capps owned the property described in the complaint. During said year the city made improvements on Kenilworth Avenue, and on 6 December, 1923, confirmed a street assessment against said property for street paving on said street where the said property abuts. This assessment has been fully paid.

In 1926 R. N. Capps, still being the owner of said lot, signed a petition filed with the defendant city, in which it was requested that the city make street improvements upon Buchanan and other streets in the city of Charlotte. It was further requested that the cost of said improvements, exclusive of so much of the cost as is incurred at street intersections, etc., be specially assessed upon the lots and parcels of land abutting directly on the improvements according to the extent of their respective frontage thereon by equal rate per foot of such frontage. The improvements were made by the city and on 29 December, 1926, said defendant confirmed a street assessment against the Capps property for street paving on Buchanan Street where the said property abuts

thereon, which said assessment is payable in ten equal annual installments. The petition signed by Capps appears in the defendant's proper files of such matters and the assessment was duly recorded as provided by law. Said Capps paid the first two installments of said assessment on 10 March, 1928, and 4 July, 1929, respectively.

On 10 March, 1930, R. N. Capps and his wife conveyed said property to the Wachovia Bank & Trust Company in trust to secure an indebtedness to the Metropolitan Life Insurance Company. Default having been made in the payment of the indebtedness secured by said deed of trust, the same was foreclosed and the property was purchased by and conveyed to the plaintiff by deed dated 18 October, 1935. In the trust deed to the Wachovia Bank & Trust Company and in the deed from the trustee to plaintiff no reference is made to said street assessment, the trust deed containing full covenants and warranties of title.

The charter of the defendant, section 67, after providing for the manner for assessing property for street improvements, contains the following provision, to wit: "Where permanent street improvements shall be made the property bearing such assessment shall not be so assessed again until after the expiration of ten years from the date of the last preceding assessment.

The plaintiff alleges that under the charter provisions of the city of Charlotte, a valid street assessment having been made against the Capps property in 1923, the purported assessment in 1936, within ten years after the first assessment, is void and seeks the cancellation thereof as a cloud upon its title.

Jury trial having been waived and the cause submitted to the judge to find the facts and render judgment thereon, the court below found the facts and adjudged that the assessment made in 1926 now constitutes a valid lien on the Capps property described in the complaint to secure the payment of any amount remaining unpaid on said assessment, and that the said Capps and his successors in title are estopped to deny or challenge the validity thereof. The plaintiff excepted and appealed.

*John James for plaintiff, appellant.*
*J. M. Scarborough and B. M. Boyd for defendant, appellee.*

BARNHILL, J. The defendant city is authorized to make street improvements under the general law and by the express terms of its charter. The provision in its charter that "Where permanent street improvements shall be made, the property bearing such assessment shall not be so assessed again until after the expiration of ten years from the date of the last preceding assessment," is a limitation of power which may be waived by property owners. *Charlotte v. Alexander,* 173 N. C., 515; *Shepard v. Barron,* 194 U. S., 553; Elliott on Roads and Streets,

Vol. 2, paragraph 733; *Wright v. Davidson,* 181 U. S., 371; *High Point v. Clark,* 211 N. C., 607; McQuillan, Vol. 5, page 836; *Wake Forest v. Holding,* 206 N. C., 425.

Speaking to the subject in *Charlotte v. Alexander, supra,* it is said: "There is no valid reason why citizens who wish to have their property improved by street paving may not expressly waive the charter restrictions and contract with the city to pay the actual cost. There is nothing against public policy in such agreement. On the contrary, it conduces to the general improvement of the municipality. When such contracts are entered into with full knowledge by the property owner the law will not permit him to repudiate it after the work is done and he has received the benefits. . . . In our opinion, it is both good morals and sound law to hold that when a person has accepted the benefits of a contract, not *contra bonos mores,* he is estopped to question the validity of it."

If the assessment constituted a valid lien upon the property as against Capps, then it is a valid lien against his successors in title. *Seattle v. Hill,* 62 Pac., 446; *Cummings v. Karney,* 141 Cal., 156. McQuillan, Vol. 5, page 828, in which the rule is stated as follows: "If the person who owned the property when the assessment was made is estopped from contesting the validity of the assessment, a subsequent purchaser taking with notice of the assessment will be deemed to have taken the property subject to the consequent burden, and cannot question the validity of the assessment."

As the provision of the city charter, upon which plaintiff relies, constitutes a limitation upon power which may be waived, and as a subsequent purchaser acquires property subject to liens thereon which are valid as against his assignor, the plaintiff's rights herein are dependent upon whether the purported assessment was a valid lien against the *locus in quo* as against Capps at the time he conveyed the property.

Capps filed a written petition with the city, which is of public record, in which he requested the improvement of Buchanan Street, and further requested that the total cost of said improvement ordinarily taxable against his property be specially assessed upon his particular lot of land. The improvements were made and he received the benefits thereof. After the assessment was affirmed and duly recorded he ratified the lien thereby created by paying two of the installments thereof. Thus he expressly contracted with the city that the cost of the improvement should constitute a lien upon his property, and ratified the lien after it was created of record. Certainly he could not be heard to contest the validity of the lien thus created. His conduct created more than a personal obligation. It created a specific lien upon his property.

It is to be noted that in *Wake Forest v. Holding, supra,* cited and relied upon by plaintiff, the judgment of the court below to the effect

that the assessment created no lien upon the property of the defendant was reversed.

At the time Capps conveyed the *locus in quo* the assessment lien was of record and constituted notice to the purchaser of the existence of the lien. The Wachovia Bank & Trust Company, trustee, and the plaintiff, as purchaser from the trustee, acquired only such title to the property as was possessed by Capps at the time he executed the trust deed. At the time he executed the conveyance he was estopped to deny that by virtue of his contract relations with the city and his conduct with respect to the improvements and the assessments such assessment constituted a valid subsisting lien upon his property. As to him, and as to his successors in title, the lien is good.

The authorities cited and relied upon by the plaintiff are distinguishable and are not authoritative upon the facts in this case.

The judgment below is

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.