MARIE SPELL, MINOR, BY HER NEXT FRIEND AND FATHER, A. G. SPELL, v. THE TOWN OF ROSEBORO.

(Filed 2 November, 1938.)

**Municipal Corporations § 14—Evidence held insufficient to show that defendant municipality was responsible for alleged defective highway.**

Plaintiff instituted this action to recover for injuries sustained in an automobile accident on a highway, alleging that the accident resulted from the negligent failure of defendant municipality to exercise due care to keep the highway in reasonably safe condition. The evidence disclosed that the accident occurred outside the town limits. There was no sufficient evidence to be submitted to the jury that defendant municipality maintained or worked the highway in question or had control or supervision of same. *Held:* Defendant's motion for judgment as in case of nonsuit was properly granted.

APPEAL by plaintiff from *Frizzelle, J.,* at May Term, 1938, of SAMPSON. Affirmed.

This is an action for actionable negligence, brought by plaintiff against defendant, alleging damage. The plaintiff was seriously injured on 18 January, 1936, by reason of an alleged defective highway. There was no bridge across the ditch and the driver of the automobile, as alleged, using due care, ran into the ditch and plaintiff was injured. The defendant denied that it was guilty of negligence, pleaded contributory negligence, and further alleged: "That the same is not within the town limits of Roseboro, has never been maintained, improved or worked, or even recognized as a part or parcel of the system of streets

of said municipality, and for that reason the said defendant is not liable to the plaintiff in any sum whatever."

*Richard L. Herring for plaintiff.*
*E. C. Robinson and W. H. Fisher for defendant.*

PER CURIAM. At the close of plaintiff's evidence the defendant in the court below made a motion for judgment as in case of nonsuit. C. S., 567. The court below granted the motion and in this we can see no error. Under all the evidence we see no duty upon defendant to repair and keep up the bridge where the injury to plaintiff is alleged to have occurred. It was outside the town limits. We think there is no sufficient evidence to be submitted to the jury that the defendant maintained or worked the highway in question or had control or supervision of same. As to the liability of municipal corporations having legislative authority outside an incorporated town or city, see *Berry v. Durham,* 186 N. C., 421; *High Point v. Clark,* 211 N. C., 607.

Affirmed.