GARLAND THOMAS JONES, JR., AND WIFE, LANA HOLMES JONES
v. THE CITY OF ASHEVILLE, NORTH CAROLINA, A MUNICIPAL
CORPORATION

No. 7228DC553

(Filed 23 August 1972)

1. Municipal Corporations § 28— estoppel to deny validity of lien for
   street improvements — purchaser with notice

   Where a realty company petitioned the city to grade and pave
   a street abutting its property and agreed in the petition to pay the
   city one dollar per foot for the paving, the work was completed by
   the city and the realty company accepted the benefits of the street
   improvements, the realty company is estopped to deny the validity of
   an assessment lien on its property to pay for the improvements; and
   a subsequent purchaser taking with notice of the assessment is like-
   wise estopped to deny the validity of the assessment.

2. Municipal Corporations § 28— lien for street improvements — notice —
   card file

   A purchaser of property was given constructive notice of a city's
   assessment lien on the property by a card file kept by the city in
   the office of the Register of Deeds as an alternative to the prepara-
   tion of a special assessment book. Former G.S. 160-100.

APPEAL by defendant City of Asheville from *Winner, Dis-
trict Judge,* 24 April 1972 Session of District Court held in
BUNCOMBE County.

This is a civil action wherein plaintiffs, Garland Thomas
Jones, Jr., and wife, Lana Holmes Jones, seek to have an assess-
ment lien for street paving in favor of the defendant City of
Asheville, North Carolina, declared null and void and stricken
from the record. The facts stipulated by the parties and found
by the trial judge, except where quoted, are summarized as
follows: On 5 June 1963 Dent Realty Company, the fee simple
owner of the property designated on the city tax map as Lot
10, Sheet 29, Ward 8, along with others whose property abutted
Pressley Road filed a petition (Exhibit A) with the City of
Asheville to have Pressley Road graded and paved. On 1 August
1963, pursuant to the petition, the defendant City of Asheville
adopted a resolution (Exhibit D) to grade and pave Pressley
Road and caused the resolution to be published in a newspaper,
The Asheville Times.

"6. That no assessment roll was ever made nor was there
any notice nor was there a meeting to hear objections to the

assessment and to the assessment roll; that no assessment roll was ever delivered to the tax collector.

7. That no special assessment book was prepared but that the City of Asheville did file the card, a copy of which is attached as Exhibit F to the stipulation between the parties, in a card file which the City of Asheville kept and presently maintains in the Office of the Register of Deeds of Buncombe County.

8. That the City of Asheville never published or posted a notice to pay.

9. That there was no provision for judicial review of the assessment.

10. That the City of Asheville has not been paid by anyone the amount assessed ($291.08) against Lot 10, Sheet 29, Ward 8."

After the petition (Exhibit A) was filed and after the grading and paving was completed in August of 1963, Dent Realty Company subdivided its property abutting Pressley Road into 32 residential lots and on 3 March 1969 plaintiffs became owners of one of these lots which they afterwards sold by warranty deed recorded in Deed Book 1029 at page 238.

The trial judge concluded as a matter of law that because the defendant City failed to comply with the provisions of G.S. 160-85 et seq. a valid lien was never created on the said property and the plaintiffs, as successors in title to the property from Dent Realty Company, are not estopped to contest the validity of the lien. From a judgment declaring the paving assessment lien on Lot 10, Sheet 29, Ward 8, null and void, the defendant appealed.

*Carl A. Hyldburg for plaintiff appellees.*

*Williams, Morris and Golding by James N. Golding for defendant appellant.*

HEDRICK, Judge.

The questions presented upon this appeal are (1) was a valid lien for street paving created on the property owned by

Dent Realty Company and (2) are plaintiffs, successors in title to a portion of said property, estopped to deny the validity of the lien?

The trial judge's conclusion that a valid lien was never created because the defendant failed to comply with the provisions of G.S. 160-85 et seq. fails to consider the proposition that:

"There is no valid reason why citizens who wish to have their property improved by street paving may not expressly waive the charter restrictions and contract with the city to pay the actual cost. There is nothing against public policy in such agreement. On the contrary, it conduces to the general improvement of the municipality. When such contracts are entered into with full knowledge by the property owner the law will not permit him to repudiate it after the work is done and he has received the benefits. . . . In our opinion, it is both good morals and sound law to hold that when a person has accepted the benefits of a contract, not *contra bonos mores*, he is estopped to question the validity of it." *Charlotte v. Alexander*, 173 N.C. 515, 92 S.E. 384 (1917); *Insurance Co. v. Charlotte*, 213 N.C. 497, 196 S.E. 809 (1938).

The petition (Exhibit A) signed by Dent Realty Company in pertinent part provides:

"WE, the undersigned owners of property abutting on PRESSLEY ROAD do hereby petition the City of Asheville to grade said street, place a stone base course 20 FEET IN WIDTH and apply an approved asphalt top on the street, pursuant to provisions of Chapter 160, Article 9 of the North Carolina General Statutes.

In consideration of the above improvement, we the undersigned do hereby agree to pay to the City of Asheville the sum of ONE ($1.00) DOLLAR PER FRONT FOOT FOR 20 FOOT PAVING immediately adjacent to our respective properties."

[1] By this petition Dent Realty Company, in effect, contracted to pay the City of Asheville to grade and pave that portion of Pressley Road abutting its property; and having accepted the benefits of the street improvements, it would have been estopped

to deny the validity of a lien created on its property to pay for the improvements. If the person who owned the property when the assessment was made is estopped from contesting the validity of the assessment, a subsequent purchaser taking with notice of the assessment will be deemed to have taken the property subject to the consequent burden, and cannot question the validity of the assessment. *Insurance Co. v. Charlotte, supra.*

Thus, in the instant case, since the petition, the consequent grading and paving of Pressley Road, and the acceptance of the benefits of the street improvements created a valid lien against the property owned by Dent Realty Company, then the lien would be good as to all subsequent owners of the property with notice.

[2] Defendant contends notice of the lien was afforded plaintiff by its compliance with G.S. 160-100 which, prior to its repeal by Session Laws 1971, c. 698, s. 2, effective 1 January 1972, in pertinent part provided:

> "As an alternative to preparation of a Special Assessment Book, the governing body may in its discretion cause the information required by this section to be recorded or stored on any ledgertype cards or machine cards or similar cards, or on magnetic or other recording tape, or on or in any machine or device or system of machines or devices, designed for and capable of the accurate storage and retrieval of intelligence or information."

The alternative to the preparation of a special assessment book, as a method of maintaining records, was added to G.S. 160-100 by Chapter 763 of the Session Laws of 1967, which also stated:

> "The prior use by any municipality of any method authorized by this act for recording or storing the information required by G.S. 160-100 is hereby in all respects validated."

The trial judge's finding ". . . that the City of Asheville did file the card, a copy of which is attached as Exhibit F to the stipulation between the parties, in a card file which the City of Asheville kept and presently maintains in the Office of the Register of Deeds of Buncombe County" is sufficient to support a conclusion that the defendant complied with the provisions of G.S. 160-100, and Exhibit F, thus filed, gave con-

structive notice to the plaintiffs that the defendant City had and claimed a valid lien on the property in question in the amount of $291.08.

We hold the plaintiffs, like their predecessor in title, Dent Realty Company, are estopped to deny the validity of the lien. The judgment is

Reversed.

Judges BROCK and MORRIS concur.